State ex rel. Julian P. Brodie, Trustee *v.*
John B. Powers et al.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued April 2—decision released May 27, 1975

*Warren P. Joblin,* with whom, on the brief, was *Stanley P. Atwood,* town attorney, for the appellants (defendants).

*Leo Nevas,* with whom, on the brief, was *Robert H. Rubin,* for the appellee (plaintiff).

Per Curiam. The plaintiff is the owner of property located in a business zone in the town of Westport. On April 4, 1972, he made application for a zoning permit to erect a new building on that property; however, the defendant zoning enforcement officer, Benjamin A. Davis, refused to accept the application. That refusal was based on a purported resolution passed on March 22, 1972, by the other defendants, all members of the Westport planning and zoning commission, which declared that "no application . . . for a Zoning Permit in Business Districts . . . will be accepted by, or considered filed with, the Planning and Zoning Commission, or an employee of the . . . Commission, between March 23, 1972 and May 8, 1972." In the same resolution it was stated that the commission would hold a public hearing on May 4, 1972, to consider the adoption of new regulations for business zones.

The plaintiff thereupon applied to the Superior Court for a writ of mandamus ordering the defendants to issue a zoning permit for the development of his land and such other relief as the court may deem proper. The defendants demurred to the complaint. That demurrer was overruled, and, after a hearing, the trial court concluded that the defendants' resolution suspending the acceptance of zoning permit applications was illegal and void. The court ordered the defendants "to accept the application of . . . [the plaintiff] and to process said application in accordance with . . . [the] pertinent provisions of the Planning and Zoning Regulations of the Town of Westport existing on April 4, 1972, except for the commission resolution dated March 22, 1972, . . . and to issue the zoning permit if those regulations have been complied with."

The defendants appealed to this court from the judgment rendered, assigning numerous errors in the findings and conclusions of the trial court. All but one of those assignments of error are predicated on the erroneous belief that the trial court ordered the defendants to issue the permit to the plaintiff, notwithstanding any discretion that they might ordinarily exercise in considering whether to grant the zoning permit application. The trial court's order, however, only directed the defendants to perform a ministerial function—that of accepting the plaintiff's zoning permit application. Whether the defendants exercise discretionary functions in considering the application in accordance with the applicable zoning regulations is not at issue. The order specifically states that the defendants are to determine whether those regulations have been complied with.

The only assignment of error properly before us is directed at the trial court's conclusion that the resolution which declared a moratorium on the acceptance of business zoning permit applications was illegal and of no effect. The findings disclose that the resolution was adopted without notice to the public and without a hearing. Since that resolution purported to amend the zoning regulations of the town of Westport, it could not be legally adopted without the public notice and hearing required by § 8-3 of the General Statutes.

There is no error.