GEORGE SCHRADER *v.* GUILFORD PLANNING AND ZONING COMMISSION ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 162140
NEW HAVEN

Memorandum filed February 29, 1980

*Berdon, Young & Einhorn,* for the plaintiff.

*Barry H. Cox,* for the named defendant.

*Davidson & Spirer,* for the intervening defendant.

CRETELLA, J. This matter came before the court on an application for an order of mandamus, and an order to show cause dated September 7, 1978. A hearing was held on the plaintiff's motion for a temporary order of mandamus and on September 27, 1978, the court granted the motion and ordered the defendant Guilford planning and zoning commission (hereinafter the commission) to accept the plaintiff's application for a special permit for a planned residential development (hereinafter a PRD). The pleadings have been closed and the matter is now before the court on its merits.

The plaintiff subsequently filed a motion to dismiss on the basis of mootness which motion was denied by the court. All parties have appeared before the court and have agreed that a final judgment should be rendered either declaring the moratorium valid, thereby invalidating all prior actions taken by the commission on the plaintiff's application, or declaring the moratorium invalid and making the temporary order of mandamus permanent.

All parties have agreed that no further evidence is necessary and that judgment should be rendered on the basis of the following agreed stipulation of facts: The commission, after a public hearing, adopted on January 3, 1978, an amendment to its

zoning regulations effective January 13, 1978, whereby a moratorium was enacted for the period of January 15, 1978, to noon on September 30, 1978, during which time the commission would neither receive nor accept any applications for approval of a PRD special permit.

On June 23, 1978, the plaintiff filed an application for a PRD special permit with the commission. The plaintiff did not file an application for a subdivision. The commission returned the plaintiff's application without taking any action thereon and advised the plaintiff in writing, citing the moratorium which it had adopted on January 3, 1978.

The plaintiff applied for and obtained, on September 27, 1978, a temporary order of mandamus requiring the commission to accept the application for tentative approval of a special permit as submitted by the plaintiff on June 23, 1978. The commission held a public hearing on the application of the plaintiff on December 19, 1978, and on February 13, 1979, approved the plaintiff's PRD application subject to certain conditions. In acting upon the plaintiff's application, the commission stated on the record that its actions in granting a hearing to the plaintiff were not to be considered as a waiver of its position that the moratorium was effective.

Subsequent to the parties' appearance and stipulation to the aforementioned facts, the plaintiff and the intervening defendant, The Committee To Preserve Counter Swamp et al., filed cross motions for summary judgment. This memorandum on the merits of the case will be dispositive of both motions for summary judgment.

The prerequisites for a writ of mandamus are (1) that the defendant be obliged by law to perform a duty in which there is no permitted discretion,

(2) that the plaintiff have a clear legal right to have that duty performed, and (3) that the plaintiff have no other sufficient remedy. The real question now before the court is actually whether the commission was legally empowered to adopt the moratorium which gave rise to the temporary order of mandamus.

In *State ex rel. Brodie* v. *Powers,* 168 Conn. 512, the Supreme Court did not clearly face the issue and answer the question now before this court, namely: "Is a moratorium on the acceptance of certain specified types of applications for a specified period of time which has been duly enacted by a planning and zoning commission as an amendment to the existing zoning regulations following proper notice and public hearing in conformance with all applicable statutory requirements, valid and binding?"

*Brodie* did not address itself to that question simply because the court found that the required notice and public hearing were absent and that the moratorium which had been enacted purportedly to amend the zoning regulations had not been legally adopted and was therefore invalid.

While it may be true that such a moratorium can be of benefit to a municipality and give it time to catch its breath, so to speak, the authority for enacting it must emanate from the legislature.

In the absence of statutory authority, the planning and zoning commission cannot "modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power. . . . Section 8-2 of the General Statutes provides for no such grant of authority to planning and zoning commissions." *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 319.

The moratorium must be viewed not only in the light of § 8-2 of the General Statutes but also under § 8-3 of the General Statutes which provides a procedural framework for the enforcement and change of zoning regulations.

The commission is persuasive in its argument that, after proper notice and public hearing, it could have completely repealed all of those regulations relating to PRDs without in any way depriving landowners of their rights to develop and use their property. Such a repeal would not have left the status of their land in limbo. The property would still have a zone identification which would have permitted its development in accordance with the regulations for that zone. The argument is correct but the fact is that the commission chose not to repeal the PRD regulations but chose rather to enact the moratorium which the court does hereby find to be invalid.

Judgment may enter for the plaintiff that the prior temporary order of mandamus is hereby made permanent.