YALE LITERARY MAGAZINE ET AL. *v.*
YALE UNIVERSITY ET AL.
(12883)

HEALEY, SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued December 11, 1986—decision released March 24, 1987

---

*John R. Williams*, with whom, on the brief, was *Sue L. Wise*, for the appellants (plaintiffs Andrei Navrozov and American Literary Society, Inc.).

*William J. Doyle*, with whom were *Mark R. Kravitz* and, on the brief, *William G. Millman, Jr.*, for the appellee (named defendant).

PER CURIAM. The single issue on this appeal is whether an order denying pro hac vice status to an out-of-state attorney is immediately appealable. This appeal arises from a judgment rendered by the trial court, *Zoarski, J.*, in favor of the defendant Yale University and several of its officials on their counterclaim, in which they sought an injunction to restrain the use of the name "Yale" in the title of a publication called the Yale Literary Magazine. Prior to trial, the plaintiffs, American Literary Society, Inc., and Andrei Navrozov, applied for the admission of an out-of-state attorney to represent them pro hac vice. After a hearing and the submission of briefs, the trial court denied the plaintiffs' application for failure to establish "good cause" under Practice Book § 24.[1] On October 20, 1983, the

---

[1] Practice Book § 24 provides: "An attorney who is in good standing at the bar of another state, the District of Columbia, or the commonwealth of Puerto Rico, may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court to participate to such extent as the court may prescribe in the presentation of a cause or appeal in any court of this state; provided, however, that a member of the bar of this state must be present at all proceedings and must sign all pleadings, briefs and other papers filed with the court and assume full responsibility for them and for the conduct of the cause and of the attorney to whom such privilege is accorded. Where feasible, the application shall be made to the judge before whom such cause is likely to be tried. Good cause for according such privilege shall be limited to facts or circumstances affect-

plaintiffs informed the trial court that they had filed a notice of appeal from the denial of their pro hac vice application, and that they were entitled to an automatic stay of the proceedings under Practice Book § 3065 (now § 4046).[2] After considering briefs and arguments, the trial court ruled that its pro hac vice ruling was not a "judgment" within the meaning of § 3065. The parties proceeded to trial, and on November 30, 1983, the trial court rendered a judgment permanently enjoining the plaintiffs from using the name "Yale" in the title of the Yale Literary Magazine. On January 13, 1984, the trial court denied the plaintiffs' motion for a new trial, and the plaintiffs appealed to the Appellate Court. On July 30, 1985, the Appellate Court affirmed the decision of the trial court. *Yale Literary Magazine* v. *Yale University,* 4 Conn. App. 592, 496 A.2d 201 (1985). The plaintiffs filed a petition for certification to appeal, raising six different claims of error. This court granted certification, but limited the appeal solely to the issue of the appealability of an order denying pro hac vice status. We affirm the Appellate Court's

ing the personal or financial welfare of the client and not the attorney. Such facts may include a showing that by reason of a long-standing attorney-client relationship predating the cause of action or subject matter of the litigation at bar, the attorney has acquired a specialized skill or knowledge with respect to the client's affairs important to the trial of the cause, or that the litigant is unable to secure the services of Connecticut counsel."

[2] Practice Book § 3065 (now § 4046) provided at the time:

"In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment in the supreme court, until ten days after the decision is announced; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for a delay or that the due administration of justice requires him to do so, he may at any time, upon motion and hearing, order that the stay be terminated. This section shall not apply to dispositions in delinquency matters or to actions concerning child neglect brought pursuant to chapter 37. In appeals from such matters there shall be no stay unless the judge making the disposition grants one."

conclusion "that an immediate appeal does not lie from the trial court's refusal to admit an attorney pro hac vice . . . ." Id., 602.

The Appellate Court indicated in this case that "[t]he interest of a litigant affected by the denial of a motion pro hac vice and the granting of a disqualification of an attorney are identical. Both involve the loss of the right to employ counsel of one's choice and, therefore, if one is not immediately appealable then neither is the other. See *DiLuzio* v. *United Electrical, Radio & Machine Workers of America, Local 274,* 391 Mass. 211, 461 N.E.2d 766 (1984)." *Yale Literary Magazine* v. *Yale University,* supra, 601.[3] We agree.

We recently held in *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 522 A.2d 812 (1987), that an order disqualifying counsel is not a final judgment from which an appeal may be taken. See also *Van Tienen* v. *Register Publishing Co.,* 202 Conn. 670, 522 A.2d 817 (1987). Accordingly, the Appellate Court did not err in concluding that an order denying pro hac vice status to an out-of-state attorney is not immediately appealable.[4]

The judgment of the Appellate Court is affirmed.

[3] The plaintiffs' counsel also conceded at oral argument that there is no distinction between an order disqualifying counsel and an order denying pro hac vice status to an out-of-state attorney because both orders leave the litigant in the same position, i.e., having to proceed to trial without counsel of one's choice.

[4] The plaintiffs argue that should we conclude that an order denying pro hac vice status is not immediately appealable, we must reverse the Appellate Court because it put the burden of showing prejudice from the erroneous trial court ruling on the plaintiffs. The plaintiffs also claim that the Appellate Court, without authority, "rejected *per se* harmful error." Initially, we note that the plaintiffs mischaracterize the Appellate Court's treatment of the burden of proof issue. The Appellate Court neither placed the burden of demonstrating prejudice on the plaintiffs, nor did it reject a harmful error per se standard for an erroneous denial of a pro hac vice motion. The opinion states: "Whether a civil litigant's right to counsel is constitutionally protected, as intimated in *Enquire Printing & Publishing Co.* v. *O'Reilly,* [193 Conn. 370, 374–75, 477 A.2d 648 (1984)], therefore causing

the erroneous denial of a pro hac vice motion to be harmful error per se; see *State* v. *Washington,* 182 Conn. 419, 429, 438 A.2d 1144 (1980); *need not be decided in this case.*" (Emphasis added.) *Yale Literary Magazine* v. *Yale University,* 4 Conn. App. 592, 605, 496 A.2d 201 (1985). (Emphasis added.) It determined, on the basis of the record before it, that the trial court's erroneous denial of the motion to appear pro hac vice did not affect the result and was harmless under the circumstances of the case. Id., 606. We also decline to address the standard of proof issue. See *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 522 A.2d 812 (1987). " 'The only questions that we need consider are those squarely raised by the petition for certification, and we will ordinarily consider these issues in the form in which they have been framed in the Appellate Court.' *State* v. *Torrence,* 196 Conn. 430, 433, 493 A.2d 865 (1985)." *State* v. *Beckenbach,* 198 Conn. 43, 47, 501 A.2d 752 (1985). Our review, therefore, is limited solely to the issue of the appealability of an order denying pro hac vice status.