FALLS MILLS ASSOCIATES, LTD. *v.*
LEWIS MARUZO ET AL.
(5874)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Submitted on briefs December 3—decision released December 29, 1987

*John C. Driscoll* and *William N. Sebastian* filed a brief for the appellants (defendants).

*F. Herbert Gruendel* and *Steve DeFrank,* law student intern, filed a brief for the appellee (plaintiff).

PER CURIAM. This is an appeal in a summary process action in which the trial court rendered judgment for the plaintiff for possession of certain premises it leased to the defendants. The action centered about the defendants' claim that the plaintiff, through an agent, had assured the defendants that they would never be dispossessed for having their dog in the premises.

The defendants claim eight errors. Their first claim is that the court erred in denying the defendants' motion to cite in their dog as a necessary party defendant and to have an attorney appointed as guardian ad litem for the dog. This "issue" will be afforded no discussion.[1]

The second claim is that the court erred in concluding that the authority of an agent could only be proved

---

[1] Although this issue is frivolous, the other claimed errors are not, thereby saving the defendants from the sanctions of Practice Book § 2036 (5) as presently drafted.

by the direct testimony of the principals and in excluding the testimony of the agent on that basis. This issue need not be addressed because of the defendants' failure to comply with Practice Book § 4065 (d) (3). *Yale Literary Magazine* v. *Yale University*, 4 Conn. App. 592, 595, 496 A.2d 201 (1985); aff'd, 202 Conn. 672, 522 A.2d 818 (1987). The defendants have failed to provide this court with the questions, the objection and the ground on which it was based, the ground on which the evidence was claimed to be admissible, the answer, if any, and any exception.

The remaining claimed errors involve questions of fact found by the trial court and evidentiary rulings of the court. We have carefully reviewed the briefs and the record and find that the court did not abuse its discretion in either respect.

There is no error.