## Dorothy M. Selinsky *v.* Marvin Morganbesser, Trustee, et al.
### (5605)

Dupont, C. J., Borden and Stoughton, Js.

Argued February 10—decision released June 21, 1988

*Charles Tomasino,* for the appellant (plaintiff).

*Burton S. Rosenberg,* for the appellees (defendants).

Stoughton, J. The plaintiff appeals from a judgment rendered in favor of the defendants. The case was submitted to the trial court upon a stipulation between the parties that the court consider the pleadings, memoranda of law, all exhibits filed in support of motions, depositions and affidavits with exhibits, and all material in the court file submitted by the parties.

The plaintiff was the beneficiary under her late husband's labor union welfare fund plan and brought this

action to recover an accidental death benefit. The court found the following facts. On December 26, 1980, at approximately 10:30 a.m., the car which the decedent (Selinsky) was driving was involved in an accident with another automobile driven by John Airone while the cars were traveling on Route 139 in North Branford. The accident caused minimal damage to the rear bumper of Selinsky's car. After the accident, the drivers and a passenger got out of the cars and waited for the police to arrive. While an officer was taking a statement from Airone, Selinsky collapsed. He died at 12:08 p.m., the result of a heart attack. The plaintiff received payment under the standard death benefit provisions of the plan, but her application for the accidental death benefit was denied by the trustees because the autopsy report showed that Selinsky's death was due to heart disease and not to the motor vehicle accident. The accidental death provision under which the plaintiff makes her claim provides in part: "No payment shall be made for any loss resulting from or *caused directly or indirectly, wholly or partly,* by bodily or mental infirmity . . . or *disease or illness of any kind.*" (Emphasis added.) The autopsy report indicated that Selinsky died of acute myocardial infarction. The report also revealed a healed myocardial infarction and severe atherosclerosis. All three of the plaintiff's expert witnesses testified that Selinsky's preexisting hypertensive cardiovascular disease played a part in his death. The court, citing testimony from the depositions of the three doctors quoted in the defendant's brief, concluded that the experts' testimony established Selinsky's preexisting cardiovascular disease as a proximate cause of his death and that the plaintiff was not entitled to the accidental death benefit.

When it was discovered that, through administrative error, the depositions had not been brought to the attention of the trial court for consideration, the plain-

tiff moved to open the judgment and "remand" the entire file to a judge of the Superior Court. The judgment was opened and eventually referred by stipulation to the same judge who had rendered judgment before.

After having considered the depositions, the trial court incorporated its previous memorandum of decision and made it a part of a new memorandum of decision. The court found that Selinsky had a minor accident which triggered his preexisting heart condition and that he then died from a heart attack. It concluded that the accident alone did not cause the death, but that it triggered the preexisting heart condition which ultimately caused death, that the accident was not the sole proximate cause of death, and that the exclusionary language of the policy precluded the plaintiff from recovering under the double indemnity provisions of the policy. The trial court rendered judgment for the defendants, and this appeal from that judgment followed.

The plaintiff states the issues as (1) whether the accident or the disease was the proximate cause of death, (2) whether the cardiovascular disease was a condition of health or a cause of death, and (3) whether the plaintiff's claim was in any way prejudiced by having the same trial judge who had rendered the earlier decision rehear the matter and render a second decision. The real issue in this case, however, as stated by the defendant, is whether the court erred in finding that the plaintiff is not entitled to an accidental death benefit. We find no error.

At the outset, we dispose of the plaintiff's third issue. The record contains a stipulation that "judgment may be entered by the Honorable Albert W. Cretella, Jr." Judge Cretella had rendered the first decision and he was concerned about considering the case again, as

shown by a transcript contained in the court file. It is clear from that transcript that Judge Cretella questioned both counsel on the subject, that he told counsel he would read the depositions and decide whether they contained anything which would change his mind, and that neither counsel had any objection to having Judge Cretella decide the matter. There was never any claim before the trial court that this procedure prejudiced the plaintiff, and, in fact, counsel agreed to have the same judge consider the depositions and decide the matter. This was simply a consideration of evidence which the parties agreed should have been put before the court prior to the earlier decision and had nothing to do with the question of law decided by the court. We refuse to consider this claim which was never raised in the trial court. *Yale Literary Magazine* v. *Yale University,* 4 Conn. App. 592, 597, 496 A.2d 201 (1985), aff'd, 202 Conn. 672, 522 A.2d 818 (1987).

The essence of the plaintiff's remaining claims is that Selinsky's hypertensive cardiovascular disease was a condition, but that the cause of death was the automobile accident. The death certificate listed the immediate cause of death as cardiac arrest due to or as a consequence of hypertensive cardiovascular disease, with cardiomegaly, after collapse following minor motor vehicle accident. The report of the medical examiner contains the following information: "According to the wife, while driving a vehicle with his son, a man went through a stop sign at an intersection hitting the Selinsky vehicle causing minor damage. Mr. Selinsky and his son got out of their motor vehicle and were apparently unharmed. An argument ensued with the driver of the other vehicle and Mr. Selinsky suddenly collapsed." The trial court had the benefit of depositions taken from three doctors who had examined the available reports. The three doctors agreed that the accident triggered an acute myocardial infarction and

a fatal arrhythmia. They also agreed that Selinsky's preexisting cardiovascular disease was a contributing factor in the cause of death.

It is clear from the language of the plan that the plaintiff could not recover if Selinsky's heart condition contributed in any way to his death. Put another way, in order for the plaintiff to prevail, she had to establish that the accident was the sole proximate cause of Selinsky's death, and that the preexisting heart condition did not contribute in any way thereto.

What is the proximate cause of death in an action such as this is a question of fact to be determined by the trier from a consideration of the evidence. *Rinaldi v. Prudential Ins. Co.*, 118 Conn. 419, 425, 172 A. 777 (1934). On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in the light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We have examined the briefs of the parties and the entire file and, applying this standard, do not find that the decision of the trial court is clearly erroneous.

There is no error.

In this opinion the other judges concurred.