JAMES CASERTA *v.* ZONING BOARD OF APPEALS OF THE
CITY OF MILFORD ET AL.
(8665)

FOTI, LAVERY and LANDAU, Js.

Argued June 5—decision released September 18, 1990

*Bruce L. Levin,* for the appellant (named defendant).

*Benson A. Snaider,* for the appellee (plaintiff).

LAVERY, J. This is an appeal brought by the defendant zoning board of appeals (board) from the judgment

of the trial court sustaining the plaintiff's appeal from the board. The board had upheld a zoning enforcement officer's revocation of the plaintiff's zoning permit. The board claims that the trial court's judgment should be reversed because the trial court (1) did not utilize the proper standard of review, (2) did not recognize the existence of facts and reasons in the record supporting the board's decision, (3) allowed the plaintiff to adduce additional evidence on appeal, (4) admitted certain evidence without any foundation, and (5) held that the assistant city planner was the acting zoning enforcement officer.

The following facts are pertinent. The plaintiff owns a twenty unit structure used as a seasonal hotel and rooming house in the city of Milford. The structure and its use as a seasonal hotel or rooming house predate the city's zoning regulations, which were first adopted in 1930. The property is situated in a one-family residential zone.

On October 30, 1987, the plaintiff filed an application for a zoning permit to allow the alteration of the interior of the structure to reduce the number of units from twenty to twelve and to perform other renovations. The application was reviewed and approved the same day by Peter Crabtree, the assistant city planner. During the next two months, members of the city planning and zoning board became aware that the permit had been granted. After consulting the city attorney, they determined that the building did not comply with the zoning regulations and that the permit should be revoked. There is no evidence in the record that the planning and zoning board held a hearing or a formal vote on this matter. On December 24, 1987, Crabtree, acting on orders from Angelo Marino, the planning and zoning board chairman, revoked the permit.

The plaintiff appealed the revocation of the permit to the zoning board of appeals, asserting that the permit had been "illegally and arbitrarily revoked." Crabtree appeared at a hearing on the appeal and testified that the plaintiff's plans to reduce the number of units in the hotel would actually reduce the extent to which the property did not conform to the neighborhood's zoning. Crabtree stated that he believed the building was a preexisting, nonconforming use that the plaintiff was entitled to continue without a special permit, and that the permit was, accordingly, valid when he issued it and is still valid. He further testified that he revoked the permit only because he had been ordered to do so by Marino. The board denied the appeal and the plaintiff appealed to the trial court. The court, after hearing additional testimony concerning Crabtree's authority to act as acting zoning enforcement officer, sustained the plaintiff's appeal. The board appealed to this court. We affirm the judgment of the trial court.

The board first challenges the trial court's conclusion regarding the scope of review employed by a zoning board of appeals in acting on an appeal from a decision of a zoning enforcement officer. The board claims that it hears such appeals de novo, and is thus entitled to sustain the revocation if the record it creates reveals any reason for the permit's denial or revocation.

The unusual factual posture of this case makes it unnecessary for us to decide the board's scope of review. The revocation of the permit at the direction of the planning and zoning board was void, and, regardless of its scope of review, the board of appeals was powerless to affirm a void act.

In its regulations, the planning and zoning board charged the zoning enforcement officer with the responsibility and authority to enforce the regulations;

Milford Zoning Regs. § 8.2; and the planning and zoning board did not retain any general veto power over the zoning enforcement officer's decisions. Indeed, General Statutes § 8-7 vests the power to review decisions of the zoning enforcement officer in the zoning board of appeals, not the planning and zoning board. Courts in other jurisdictions, construing nearly identical enabling statutes, have held that "[w]here there is a Board of Appeals, the [planning and zoning board] cannot by its own resolution revoke a permit previously granted by the [zoning enforcement officer]." 3 A. Rathkopf, Law of Planning and Zoning (1981 Sup.) c. 56, p. 17; *Carpenter* v. *Kreuter,* 258 App. Div. 808, 15 N.Y.S.2d 1002 (1939), citing *Matter of Carpenter* v. *Grab,* 257 App. Div. 860, 12 N.Y.S.2d 906 (1939); *In re Kalen,* 248 App. Div. 777, 289 N.Y.S. 58 (1936); *Lominick* v. *Aiken,* 135 S.E.2d 305 (S.C. 1964). Marino's order to revoke the permit, therefore, usurped the appellate jurisdiction vested by law in the zoning board of appeals, and was, accordingly, void. *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 458–59, 313 A.2d 44 (1972); *State ex rel. Brodie* v. *Powers,* 168 Conn. 512, 514, 362 A.2d 884 (1975).

The zoning enforcement officer is an agent of the planning and zoning board. T. Tondro, Connecticut Land Use Regulation (1979) p. 208. It is beyond dispute that Crabtree, in revoking the permit, carried out a decision of the planning and zoning board and was not acting at his own behest. In his letter to the plaintiff revoking the permit, Crabtree indicated that he had been "instructed by the Planning and Zoning Board Chairman to revoke the zoning permit." He testified at the appeal hearing that he believed that the permit was valid, both when he issued it and at all subsequent times. Furthermore, Marino testified at the appeal hearing that he had ordered Crabtree to revoke the permit. Thus, the revocation must be seen as a void act

of the planning and zoning board, effectuated by its agent, Crabtree. A zoning authority cannot delegate to its agent a power that it does not itself possess. 62 C.J.S. 315 n.94, Municipal Corporations § 154.

The board of appeals had before it Crabtree's revocation letter, which revealed the illegal intervention of the planning and zoning board chairman. The board of appeals also heard the testimony of Crabtree and Marino to the effect that Marino ordered Crabtree to revoke the permit. It is basic jurisprudence that appellate tribunals lack the jurisdiction to decide the merits of a decision made by a lower authority without jurisdiction, and that jurisdictional matters must be addressed whether or not the parties have raised them in their pleadings. *Sullivan* v. *Board of Police Commissioners,* 196 Conn. 208, 213, 491 A.2d 1096 (1985); *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 485 A.2d 1272 (1984); *Yale Literary Magazine* v. *Yale University,* 4 Conn. App. 592, 598, 496 A.2d 201, aff'd, 202 Conn. 672, 522 A.2d 818 (1987). This is also true of appellate tribunals that hear the case de novo. *Olmstead's Appeal from Probate,* 43 Conn. 110, 115–16 (1875). The record and the uncontradicted testimony of the two zoning officials revealed a fatal jurisdictional flaw in the revocation. Thus, the jurisdictional issue was squarely before the board of appeals and should have been its first concern. *Yale Literary Magazine* v. *Yale University,* supra.

General Statutes § 8-7 prescribes the parameters of the board of appeals' authority when it exercises its appellate jurisdiction, providing that the board of appeals "shall have all the powers of the officer from whom the appeal has been taken but only in accordance with the provisions of this section." If Crabtree had revoked the permit in the good faith belief that it had been erroneously issued, issued under false pretenses, or violated by subsequent acts of the

applicant—in other words, if he had revoked the permit in the good faith discharge of his office—the board of appeals, hearing de novo an appeal from such a revocation, would wield that same authority to remake the decision "as in its opinion" it ought to have been made. General Statutes § 8-7. In the present case, however, the enforcement officer used the authority of his office for the invalid purpose of carrying into effect a void and illegal decision of the planning and zoning board; in other words, his action was outside the scope of his authority. The board of appeals is, therefore, without authority to affirm that action, for to do so would be tantamount to performing the unauthorized action anew. If the zoning enforcement officer was without authority to take a particular action, the board of appeals is likewise barred from taking the same action. Id. The board of appeals' findings on the merits[1] of the appeal, therefore, are irrelevant to the proper disposition of the appeal. Where the action appealed from is void, the board of appeals' sole option is to vacate that action.

The board next claims that a search of the record would reveal that Crabtree's only appointment was as

[1] We will examine one of the reasons on the merits given by the board because it suggests a jurisdictional flaw in the granting of the permit. Such a flaw would have been the only valid reason, under the circumstances of this case, for the board to refuse to reinstate the permit. The reason, as it appears in the board's letter to the plaintiff, was that "the permit was improperly issued." This reason is too vague to be a basis for the board's decision. Although "the reasons given by a zoning authority, presumably composed of lay persons, to justify its action need not be in a form to satisfy the meticulous criterion of a legal expert[;] *DeMars* v. *Zoning Commission,* 142 Conn. 580, 584, 115 A.2d 653 (1955)"; *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 68, 549 A.2d 1076 (1988); a reason that is so conclusory as to give no hint of a more concrete basis underlying the board's decision must be deemed inadequate.

It is possible, however, that the impropriety to which the board referred concerned Crabtree's authority to issue the permit. This issue is addressed in the text, infra.

assistant city planner, and that he was not authorized to act as zoning enforcement officer and was, therefore, without jurisdiction to issue the permit, which was, accordingly, void. We address this claim because it concerns Crabtree's authority and not merely the merits of the revocation. It is true that we are obliged to search the record for reasons that support the board's decision. *Kaeser* v. *Conservation Commission*, 20 Conn. App. 309, 311, 567 A.2d 383 (1989); see also *Gagnon* v. *Inland Wetlands & Watercourses Commission*, 213 Conn. 604, 608, 569 A.2d 1094 (1990). Nonetheless, our search has produced no evidence supporting the board's contention. There was no mention of Crabtree's power to issue the permit in the revocation letter or in the minutes of the board's public hearing or those of the business meeting held immediately thereafter. Nor is Crabtree's alleged lack of authority given as a reason in the board's letter to the plaintiff denying the appeal. The only mention of this issue in the record appears in the minutes of the business meeting at which the board voted to deny the plaintiff's appeal. At that meeting, one member of the board presented his views on the plaintiff's appeal and gave numerous reasons, including the question of Crabtree's authority, why the appeal should be denied. There is, however, no indication whether a majority of the board subscribed specifically to the thesis that Crabtree could not act as zoning enforcement officer. "Evidence of the individual views of one member [of the zoning board of appeals] is not available to show the reasons actuating the board or the grounds of its decision. These can only be shown by a vote of the board. *State* v. *Blake,* 69 Conn. 64, 75, 36 A. 1019 [1897]." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 20–21, 157 A. 273 (1931). The record, therefore, does not support the board's contention.

Even if we viewed the legal argument of a lone board member speaking at a closed meeting of the board as

evidence supporting the board's argument, the balance of the evidence on this issue overwhelmingly indicates that Crabtree validly issued the permit as a de facto officer. The board could not reasonably have concluded otherwise.

"Many years ago this court adopted a broad rule detailing the circumstances under which an officer not legally qualified will be found to be an officer de facto: 'First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be. . . .' *State* v. *Carroll,* 38 Conn. 449, 471 [1871]." *Furtney* v. *Zoning Commission,* 159 Conn. 585, 595–96, 271 A.2d 319 (1970). "The de facto doctrine . . . is based on policy and the necessity to protect the interests of the public and individuals involved in the official acts of persons exercising the duty of an officer 'without actually being one in strict point of law.' 63A Am. Jur. 2d, Public Officers and Employees § 578, p. 1080 (1984)." *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 203, 491 A.2d 1058 (1985). The circumstances outlined below require that Crabtree be deemed a de facto officer. The trial court heard evidence[2] that the official description

---

[2] The board challenges the trial court's taking additional evidence on this issue, arguing that the plaintiff had ample opportunity to present the evidence to the board but did not. General Statutes § 8-8 provides for the reception of additional evidence where "it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." The offer of additional evidence at trial " 'called for a determination, in the exercise of the court's legal discretion, as to whether that evidence was necessary for the equitable disposition of the appeal. General Statutes § 8-8; *Nielson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754 [1962]. Under § 8-8, the evidence was not admissible unless it was essential for the equitable disposition of the appeal. *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 70, 157 A.2d 103 [1959].' *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 241, 196 A.2d 427 [1963]." *Troiano* v. *Zoning Commission,* 155 Conn. 265, 268–69, 231 A.2d 536 (1967).

of Crabtree's position as assistant city planner[3] provided that he would act as "acting zoning enforcement officer" when circumstances so required, that since 1970 he had issued thousands of zoning permits with the knowledge of the planning and zoning board, that for several years he had been the only person discharging the office of zoning enforcement officer as that office was either vacant or the incumbent disabled, that Crabtree, in the capacity of acting zoning enforcement officer, had brought suit on numerous occasions to enforce the city zoning regulations; see, e.g., *Crabtree* v. *Coyle*, 19 Conn. App. 208, 561 A.2d 455 (1989); and

In this case, the question of Crabtree's authority to act as zoning enforcement officer did not arise until after the public hearing, when the board was sitting in executive session. Although Crabtree was asked at the hearing "why he felt it was in his realm to grant this permit," Crabtree's answer dealt solely with the merits of the permit. His answer apparently satisfied his questioner, as no follow-up question to clarify the inquiry was forthcoming. Our review of the record indicates no other appearance of this issue prior to the executive session.

Crabtree's authority to act as zoning enforcement officer presented a question of fact; see *Stelco Industries, Inc.* v. *Bette*, 2 Conn. App. 17, 23–24, 475 A.2d 1105 (1984); the presentation of this issue to the board by the board member included evidence that Crabtree was not the zoning enforcement officer. The board, however, "could not properly consider evidence submitted after the public hearing without providing the necessary safeguards guaranteed to the applicants and the public. This means a fair opportunity to . . . offer evidence in explanation or rebuttal. *Waddeu* v. *Board of Zoning Appeals*, 136 Conn. 1, 9, 68 A.2d 152 [1942]." *Wasicki* v. *Zoning Board*, 163 Conn. 166, 172–73, 302 A.2d 276 (1972). Here, the proper procedure would have been for the board to recall the parties to present argument on the issue. We conclude that the trial court did not abuse its discretion in admitting the evidence of Crabtree's acting as zoning enforcement officer. In the absence of this evidence, the court, through no fault of the plaintiff's, would have had far less than the complete picture of an issue raised by the board after the plaintiff's opportunity to rebut had passed.

[3] The board claims that the trial court admitted a copy of this job description into evidence without adequate foundation. This claim is without merit. Not only was trial counsel's foundation objection entirely conclusory and thus insufficient to support the objection, the custodian of the record later testified to authenticate the document. Any error in admitting the document prior to this authentication, therefore, was harmless.

that in 1989 the planning and zoning board amended the zoning regulations explicitly to authorize the assistant city planner to act as zoning enforcement officer when needed. Further, we note that when the chairman of the planning and zoning board sought to intervene in the plaintiff's case, he ordered Crabtree to revoke the permit, an act within the authority of the zoning enforcement officer. Had the planning and zoning board viewed Crabtree as an unauthorized interloper, the chairman would undoubtedly have turned to a bona fide zoning enforcement officer, not to Crabtree, to revoke the permit.

The planning and zoning board is charged with enforcing the zoning regulations in any manner that it deems fit. General Statutes § 8-3. In this case, clearly, it chose to leave the enforcement of the zoning regulations in the hands of a de facto officer. We, therefore, will not accept the board of appeal's argument that Crabtree was without power to issue the permit.

The judgment is affirmed.

In this opinion the other judges concurred.