[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Planning Zoning Commission of the Town of Hamden, on February 20, 1990, granted an application presented to it by A. Richard Naples and Karen P. Naples seeking permission to Re-Subdivide property owned by them and located at 1140 Mount Carmel Avenue, Hamden, Connecticut. Plaintiffs Lisa Margolin and Peter W. Jones are the owners of property which abuts the subject property; Plaintiff's Mary Barry and Charles Barry own property within 100 feet of the subject property and, as such, all plaintiffs are aggrieved by the action of the defendant Commission and have brought a timely appeal to this court against said Commission and Nancy S. Hurlburt, Town Clerk of the Town of Hamden.
A. Richard Naples and Karen P. Naples, by virtue of the granting of their motion to intervene, became party defendants by order of the court. (Celotto, J.). CT Page 5619
"[C]ourts do not and should not substitute their judgment for that of the local authority. (Citation omitted)." Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 469 (1982).
 In applying the law to the facts of a particular case, the board is endowed with a liberal discretion and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. (Citations omitted). On appeal, a reviewing court reviews the record of the administrative proceedings to determine whether the commission or the board `has acted fairly or with proper motives or upon valid reasons.'
Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152
(1988). "If the subdivision plan conforms to the existing regulations the council `has no discretion or choice but to approve a subdivision.' (Citation omitted)." Westport v. Norwalk, 167 Conn. 151, 157 (1974).
Plaintiffs Margolin, Jones and the Barrys (hereinafter "plaintiffs") allege in their complaint that the Commission acted illegally, arbitrarily and in abuse of its discretion in approving defendant Naples' application in that the Commission failed to give additional notice of the hearing in compliance with 814 of the Zoning Regulations of the Town of Hamden.
The Zoning Regulations of Hamden are not part of the record, but in their brief, plaintiffs quote 814 which requires such additional notice to property owners whose property "is located within, abutting, and directly across the street from all boundaries of the proposed zoning map change." The regulation of the subdivision of land is a function of the Commission's planning power, not the zoning power. In exercising the planning power, the Commission does not apply the Zoning Regulations of Hamden. See Walls v. Planning Zoning Commission, 176 Conn. 475, 476 n. 1 (1979). ("This appeal was taken from the decision of an administrative body which sits as both a planning and zoning commission. The regulation of the subdivision of land is clearly a function of the planning power . . . . ") Therefore, plaintiffs' claim with respect to 814 of the Zoning Regulations lacks merit.
The plaintiffs further assert that the Commission failed to CT Page 5620 comply with notice requirements of Conn. Gen. Stat. 8-26: "Such commission may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing." Conn. Gen. Stat. 8-26
(as amended by Conn. Pub. Acts No. 89-356 (1989) (emphasis added). "May" is directory, not mandatory. Farricielli v. Personnel Appeal Board, 186 Conn. 198, 203 (1982). At the time of this appeal the Commission did not by regulation provide for notice to adjacent landowners in addition to the requisite notice by publication and thus such notice is not required.
The plaintiffs also allege that the Commission's material non-compliance with Conn. Gen. Stat. 8-26f (as amended by Conn. Pub. Acts No. 89-175 (1989)) "renders the decision on application voidable due to the concerns raised by appellate (sic) residents of both towns affected by the application." (Plaintiffs' Brief, p. 6).
 The planning commission of any municipality shall notify the clerk of any adjoining municipality of the pendency of any application, petition, request or plan concerning any project on any site in which: (1) Any portion of the property affected by a decision of such planning commission is within five hundred feet of the boundary of the adjoining municipality; (2) a significant portion of the traffic to the completed project on the site will use streets within the adjoining municipality to enter or exit the site; (3) a significant portion of the sewer or water drainage from the project on the site will flow through and significantly impact the drainage or sewerage system within the adjoining municipality; or (4) water runoff from the improved site will impact streets or other municipal or private property within the adjoining municipality. Such notice shall be made by certified mail, return receipt requested, and shall be mailed within seven days of the date of receipt of the application, petition, request or plan. No hearing may be conducted on any application, petition, request or plan unless the adjoining municipality has received the notice required under this section. Such adjoining municipality CT Page 5621 may, through a representative, appear and be heard at any hearing on any such application, petition, request or plan.
Conn. Gen. Stats. 8-26f (as amended by Conn. Pub. Acts No. 89-175 (1989)).
There is no dispute that the adjacent municipality did not receive notice by certified mail. However, it did receive notice by regular mail. The municipality responded to that notice by sending a letter from the Acting Zoning Administrator for North Haven. The letter informed the Commission that resubdivision #89-1082, the subject application, was discussed at a North Haven Planning Zoning Commission meeting, and also informed the Commission comments by the North Haven Town Engineer regarding the project.
The legislature has "expressed an intention that appeals from the decisions of planning and zoning commission be heard and decided on their merits and not be invalidated for technical defects in service. . . ." Ilvento v. Frattali, 210 Conn. 432,434. See also Capalbo v. Planning Zoning Board of Appeals,208 Conn. 480, 487.
The required notice was given and produced a response. The statute precludes any hearing "unless the adjoining municipality has received the notice required. . . ." A certified mail return receipt is merely a method by which receipt can be acknowledged. So to is a response to the notice.
To hold that the lack of a return receipt was a jurisdictional defect when a response to the notice was a clear indication that it had been received would be an exaltation of form over substance which this court will not indulge.
The plaintiffs further allege in their complaint that the Commission "failed to make any findings on the [application] approval with reference to the adjoining Town of North Haven and Regional Planning Agency as required by Section 8-26b of the Connecticut General Statutes." A letter from the Acting Zoning Administrator for North Haven, containing comments from the North Haven Town Engineer, was read into the record at the public hearing. Also, a letter from the South Central Regional Council of Government was read into the record at the hearing
Conn. Gen. Stats. 8-26b contains no requirement that certain findings be made. Rather Section 8-26b states that "[t]he report of such regional planning agency shall be purely advisory. Conn. Gen. Stats. 8-26b (rev'd to 1989). Furthermore, where the agency fails to state findings, the court CT Page 5622 may search the record to determine whether there is an adequate basis for the agency's decision. See, e.g., Gagnon v. IWWC,213 Conn. 604, 605, 611.
Plaintiffs also allege in their complaint that resubdivision #89-1082 was not in compliance with the comprehensive plan of the Town of Hamden and the uses approved for the property. The plaintiffs assert in their brief that the Commission ignored the "comprehensive plan" entitled "Hamden Plan for Our Future, A Plan of Conservation Development 1990." It is not possible to determine whether the Commission complied with this plan as it has not been made a part of the record. The cases which the plaintiffs cite in support of the proposition that the resubdivision must be in harmony with the town of Hamden's "comprehensive plan" are zoning cases, and that the comprehensive plan is a plan to guide the local zoning authority in such actions as making changes of zone and granting variances. Therefore, the plaintiffs have failed to prove that the Commission acted improperly in this regard. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
The plaintiffs' brief asserts that the Commission failed to follow the State of Connecticut Department of Environmental Protection's comprehensive plan for Sleeping Giant State Park, a park the plaintiffs claim is located within 2500 feet of resubdivision #89-1082. Whether or not the Commission followed this comprehensive plan for the park cannot be determined as the plan has not been made a part of the record. Plaintiffs have failed to cite any case law or regulations to support their position that such a plan must be followed.
The plaintiffs also posit that the Commission failed to act in accordance with the public health, safety and welfare requirements of Conn. Gen. Stats. 8-18 et seq. The plaintiffs claim that the Commission failed to require the location on its map of a spring to which they had deeded rights, and that this spring may be contaminated by the septic system for the proposed house, thus endangering the public's health, safety and welfare. The plaintiffs further assert that if "the spring is in the same contour as primary leaching area, the system may fail and the effluent would then flow downstream. . . ." Conn. Gen. Stats.8-25 (rev'd to 1989) provides that a Commission shall adopt regulations conveying the subdivision of land, these regulations must consider public health and safety. Specifically,
 land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety, that proper provision shall be made for water, CT Page 5623 drainage and sewerage and, in areas contiguous to brooks, rivers or other bodies of water subject to flooding, including tidal flooding, that proper provision shall be made for protective flood control measures and that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. Such regulations shall also provide that the commission may require the provision of open spaces, parks and playgrounds when, and in places, deemed proper by the planning commission, which open spaces, parks and playgrounds shall be shown on the subdivision plan.
Conn. Gen. Stats. 8-25 (rev'd to 1989). The Commission adopted such regulations in its "Land Subdivision Regulations for the Town of Hamden, Connecticut. "
The record shows that an excavator attempted to locate the spring by digging trenches at the site, but he could find no indication that the spring was located within twenty-five feet of the proposed home, and subsequent holes dug on other portions of the property also failed to locate the spring. Nevertheless, utilizing an approximate spring location, the Quinnipiack Valley Health District (QVHD) approved the general development concept for health and sanitation purposes, subject to certain restrictions, with special emphasis upon the need to develop completely engineered potable water and sewage disposal installation plans.
Although the plaintiffs claim that the QVHD gave approval based upon an insufficient number of tests, this is irrelevant in that the Commission can believe the testimony of any witness, or choose to rely on its own judgment. See Tanner v. Conservation Commission, 15 Conn. App. 33, 341 (1988). Furthermore, the Commission heard both oral testimony and received letters from the plaintiffs at the hearing regarding the issue of the spring, including the claim that plaintiffs have not utilized water from a well serviced by the spring for ten years. The Commission had before it all the above evidence regarding the spring in arriving at their decision to approve CT Page 5624 resubdivision #89-1081, subject to the condition that the applicant comply with all QVHD requirements and recommendations. The record, including the protective conditions imposed, supports the Commission's decision.
The Commission did not act illegally, arbitrarily and in abuse of its discretion in approving the application. The appeal is dismissed.
McKEEVER, JUDGE