[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Chantha Visay Sayasith and Leuane Sayasith applied to the Torrington Inland-Wetlands Commission for a permit to conduct a regulated activity in a wetlands area to build a single-family residence. The Commission scheduled a public hearing on the application for April 3, 1990, and the hearing was begun on that date. The hearing was continued until June 5, 1990 and was concluded on that date.
On that date, the Commission voted to approve the application pending an opinion from the corporation counsel. After receiving that opinion, the Commission met again on June 26, 1990 and approved the Sayasiths' application. Notice of said decision was duly published on July 9, 1990 in the Register Citizen.
The plaintiff William H. Connole, appealed claiming he was aggrieved by the decision of the Commission in that the Commission acted illegally, arbitrarily, and in abuse of its discretion; that the vote of June 26, 1990 was illegal, that additional evidence was presented to the Commission after the close of the public hearing in violation of the law, and that there are prudent and feasible alternatives to the application which the Commission refused to consider.
In his brief, the plaintiff has raised four questions only two of which were raised in his appeal. The four questions are:
1. Does the notice of the decision comply with the law?
2. Was the vote taken on June 26, 1990 valid?
3. Did reasonable and prudent alternatives exist which were not considered by the Commission?
4. Did the Commission properly state upon the record its reasons for its decision?
Issue four was not briefed and is therefore considered abandoned. Issue one was not raised in the plaintiff's complaint and is therefore not addressed.
Was the vote taken on June 20, 1990 valid?
The plaintiff claims that the Commission did not act within time restraints of 22a-43a of the General Statutes and was, therefore, precluded from acting on the defendant Sayasiths' application.
Section 22a-43a(c) of the General Statutes sets out the time periods within which the Commission must act. It states.
 (c) . . . Any person proposing to conduct or cause to be conducted a regulated activity upon an inland wetland and watercourse shall CT Page 8713 file an application with the inland wetlands agency of the town or towns wherein the wetland in question is located. . .The day of receipt of an application shall be the day of the next regularly scheduled meeting of such inland wetlands agency, immediately following the day of submission to such inland wetlands agency or its agent of such application, provided such meeting is no earlier than three business days after receipt, or thirty-five days after such submission, whichever is sooner. No later than sixty-five days after the receipt of such application, the inland wetlands agency may hold a public hearing on such application. . .The hearing shall be completed within forty-five days of its commencement. Action shall be taken on such application within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of such application. The Applicant may consent to one or more extensions of the periods specified in this subsection for the holding of the hearing and for action on such application, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such application. If the inland wetlands agency failed to act on any application within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application, or within any extension of any such period, the applicant may file such application with the commissioner of environmental protection who shall review and act on such application in accordance with this section. . . The failure of the inland wetlands agency or the commissioner to act within any time period specified in this subsection, or any extension thereof, shall not be deemed to constitute approval of the application.
The plaintiff argues that the defendant Commission had eighty (80) days to complete the public hearing and issue a decision and the Commission did not act until the eighty-fourth day. The plaintiff has misread22a-42a(c) of the General Statutes. He has combined two periods and decided that the Commission must act within that period of time.
The statutes clearly state that the applicant can consent to an extension of time for any time period as long as the extension is not greater than the original time period to be extended. For example, the forty-five day period to complete the hearing could be extended for an additional forty-five days and the thirty-five day period to render a decision could also be extended for thirty-five days.
In this case, the hearing was concluded on June 6, 1990. The Commission rendered its decision on June 26, 1990, twenty-one days after the hearing was closed and well within the thirty-five day period it had to render a decision. The Commission's actions, therefore, were not invalid or illegal. CT Page 8714
Even assuming arguendo that the plaintiff's interpretation of 22a-42a(c) is correct, his argument must fail.
The plaintiff claims that an application under 22a-43a(c) is the same as an application under 8-7d of the General Statutes. If it were then the defendants Sayasiths' application would have been approved by the Commission's failure to act. Section 22a-43a(c) expressly states that the failure of the Commission to act within the time period does not constitute approval of the application. The time restrains of Section 22a-43a are not mandatory but merely directory. Caron v. Inland Wetlands and Watercourses Commission of the Town of Berlin, 25 Conn. App. 61 (1991).
 II
Did reasonable and prudent alternatives exist which were not considered by the Commission?
The plaintiff next alleges that the Commission ignored prudent and feasible alternatives to defendant Sayasiths' application. It is true that at the public hearing which began on April 3, 1990 and concluded on June 5, 1990 the Commission heard suggestions for changes in the defendant Sayasiths' application. The Commission decided and the evidence supports its finding that no prudent and feasible alternative existed. In fact, what Sayasith proposed would help alleviate the problems that already existed. Section 22a-36 of the General Statutes sets out the legislative purpose in adopting the wetlands act. Its purpose is to preserve inland wetlands and watercourses "by providing an orderly process to balance the need for the economic growth of the state and the use of its land with the need to protect its environment and ecology. . ." The interests of the private landowner who desires to make productive use of his wetland must be given consideration. Red Hill Coalition v. Conservation Commission, 212 Conn. 710
(1989); Huck v. Inland Wetlands and Watercourse Agency, 203 Conn. 525
(1987); Brecciaroli v. Commissioner of Environmental Protection168 Conn. 349 (1975).
The plaintiff's main claim is that since no evidence was presented to determine how much it would have cost the City to purchase this property and maintain it as wetlands there was a prudent and feasible alternative. The Commission listened to all the proposed alternatives and determined that they were not prudent and feasible. The Commission did in fact make changes to the Sayasiths' application. The plaintiff argues that since he proposed several alternatives without any evidence that they were prudent and feasible, the Commission must have acted arbitrarily and capriciously in granting Sayasiths' application. The record supports the Commission's actions in granting the permit. As such, the Court cannot substitute its judgment for that or the Commission. The conclusion reached by the Commission was reasonably supported by the record and therefore, the Court must uphold its decision. Caserta v. ZBA of Town of Milford,23 Conn. App. 232 (1990), Primerica v. Planning and Zoning Commission of CT Page 8715 Town of Greenwich, 211 Conn. 85 (1989); Horn v. Zoning Board of Appeals of City of Norwalk, 18 Conn. App. 674 (1989).
 III
Conclusion.
For all the reasons stated above, the plaintiff's appeal is dismissed.
PICKETT, J.