[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. ADMISSION OF MICHAEL MEYERS
The plaintiffs Marc Meyers and Jonathan Meyers have moved, through their counsel, for the admission of Michael Meyers, Esquire to appear for them in this matter pro hac vice. The determination of whether to admit an attorney pro hac vice is governed by Section 2-16 of the Practice Book, which provides that, "upon special and infrequent occasion," the attorney may be afforded the privilege of appearing upon a showing of good cause. Good cause is determined "by facts and circumstances affecting the personal or financial welfare of the client and not the CT Page 10221 attorney." Id. The defendants object to his admission.
Mr. Meyers is a tax attorney in New York and is the father of the above named plaintiffs. While there is no claim that he has a previous attorney-client relationship with these plaintiffs, it is claimed that he is familiar with the partnership which is the subject of this litigation.
"A litigant's request to be represented by counsel of his choice, when freely made, should be respected by the court, unless some legitimate state interest is thwarted by admission of the out-of state attorney."Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 375
(1984); accord, Yale Literary Magazine v. Yale University,4 Conn. App. 592, 602 (1985), aff'd., 202 Conn. 672 (1987). The question, then, is whether there is a legitimate state interest which would militate against Mr. Meyer's admission.
The court has previously found that the defendant cannot stand to be in the same room as Mr. Meyers. Memorandum of Decision, July 3, 2001, p. 2 (Pittman, J.). That does not implicate a state interest, particularly where the rights of the litigants seeking representation a required to be considered rather than the personal tastes of those resisting it. Otherwise, the court is not aware of any state interest which would be implicated in a determination of whether Mr. Meyers is to be admitted. The dictates of the Supreme Court in Enquire Printing mandate his admission.
The Practice Book requires that the plaintiff's Connecticut counsel be present at all proceedings and assume full responsibility "for the conduct of the cause and of the attorney to whom such privilege is accorded." Practice Book, Section 2-16. That requirement will govern Mr. Meyers' conduct of the litigation.
The Motion for Admission is granted.
BY THE COURT,
GRUENDEL, J. CT Page 10222