DALE VAN TIENEN *v.* THE REGISTER
PUBLISHING COMPANY
(12882)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and F. HENNESSY, Js.

Argued December 10, 1986—decision released March 24, 1987

*William F. Gallagher,* with whom, on the brief, was *Evelyn A. Barnum,* for the appellant (plaintiff).

*Margaret P. Mason,* with whom was *Ben A. Solnit,* for the appellee (defendant).

PER CURIAM. The dispositive issue in this appeal is whether granting a motion to disqualify counsel in a civil case is an appealable final judgment. The factual

background of this case is undisputed. The plaintiff, Dale Van Tienen, sued the defendant, The Register Publishing Company (Register), for defamation and wrongful discharge following her termination from employment for allegedly plagiarizing a news story from a competing newspaper. Prior to trial, the plaintiff deposed Murray Farber, a former managing editor at the Register, who had been employed by the Register at the time of the plaintiff's termination. During the deposition, the plaintiff's counsel asked Farber who else, besides some staff members, had complained about the plaintiff's job performance. Farber began to answer, stating that "there was a point at which Mr. LaPrade [the Register's legal counsel] . . . ." Defense counsel interrupted Farber's answer by objecting and instructing Farber not to answer "insofar as [the] answer relates to any conversation with counsel [Carter LaPrade]" on the ground that the attorney-client privilege prevented discovery of such communications. Farber indicated that he wished to answer the question despite defense counsel's objection. The plaintiff's counsel argued that Farber was not the defendant's witness, and that the attorney-client privilege was Farber's to claim, not the Register's. Defense counsel claimed that the privilege belonged to the Register since Farber had been an employee of the company at the time in question. After a lengthy colloquy between the plaintiff's counsel and defense counsel, Farber decided to answer the question concerning LaPrade's complaints with regard to the plaintiff. Defense counsel renewed his objection. Subsequently, the defendant filed a motion for a protective order to expunge that portion of the deposition transcript regarding LaPrade's complaints about the plaintiff. The defendant also moved to disqualify the plaintiff's counsel asserting that disqualification was the only remedy to protect the defendant from use of the confidential information brought out in the deposition. The trial court,

*Fracasse, J.,* granted both the motion for a protective order[1] and the motion to disqualify the plaintiff's counsel. This appeal followed.

On appeal, the plaintiff raises a number of issues concerning the trial court's granting of the defendant's motions. We recently held, however, in *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 522 A.2d 812 (1987), that an order disqualifying counsel is not a final judgment from which an appeal may be taken. Accordingly, we have no jurisdiction to address the merits of the plaintiff's claims of error.

The appeal is dismissed.

---

[1] The plaintiff conceded at oral argument that our review of her claim of error with respect to the granting of the motion for a protective order was contingent upon our determining that a disqualification order is immediately appealable.