## DALE VAN TIENEN v. THE REGISTER PUBLISHING COMPANY
### (13341)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 12—decision released August 2, 1988

---

*William F. Gallagher,* with whom, on the brief, was *Evelyn A. Barnum,* for the appellant (plaintiff).

*Ben A. Solnit,* with whom was *Margaret P. Mason,* for the appellee (defendant).

COVELLO, J. This is an appeal from a judgment of dismissal rendered for failure to prosecute an action with reasonable diligence pursuant to Practice Book § 251. We conclude that such a judgment was not authorized under the procedural circumstances of this case. Accordingly, we remand the case to the trial court with instructions to vacate the judgment and render a judgment of nonsuit.

On March 20, 1980, the plaintiff instituted this action claiming a wrongful discharge from her employment and defamation. Following a tortuous procedural history, the matter was assigned for trial on October 16, 1987.[1] At that time, this case was the oldest matter pending in the New Haven judicial district. The plaintiff did not appear on October 16, but her former counsel did. On October 10, 1985, the trial court, *Fracasse, J.,* had disqualified plaintiff's counsel but had granted him permission at that time to assist the plaintiff in obtaining a new attorney. The appeal from the dis-

---

[1] An examination of the file discloses that the plaintiff commenced this action on March 20, 1980. An answer and special defenses were filed on September 29, 1980. Following a reply, the matter was claimed for trial on May 21, 1981. It appears that the proceedings were suspended pending the outcome of the appeal of the disqualification of the plaintiff's attorney. See footnote 2, infra.

qualification of the plaintiff's attorney was dismissed by this court on March 24, 1987.[2] *Van Tienen* v. *Register Publishing Co.*, 202 Conn. 670, 522 A.2d 817 (1987).

On October 16, the plaintiff's former attorney represented to the court that due to a death in the plaintiff's family, she would not be able to attend that day's proceedings. He also informed the court that the plaintiff was having continuing difficulties in obtaining a new attorney. The trial court continued the matter to October 19, 1987.

On October 19, the plaintiff again failed to appear and, when it became apparent that she was still without an attorney, the trial court ordered the defendant's counsel to file a motion for nonsuit. The defendant's attorney filed such a motion on October 20, 1987, seeking not only a nonsuit, but also a judgment of dismissal.

The motion for nonsuit was heard on October 26, 1987. The plaintiff was physically present but unwilling to proceed to trial without an attorney. The trial court found that the plaintiff had had ample opportunity to obtain counsel. The trial court entered an order of dismissal for the plaintiff's failure to proceed at the time of trial. The plaintiff appeals the trial court's judgment dismissing the action.

Practice Book § 251 authorizes the court to dismiss an action "[i]f a party shall fail to prosecute an action with reasonable diligence. . . . At least two weeks notice [of a proposed dismissal] shall be required except

---

[2] On March 24, 1983, the defendant filed a motion for a protective order to expunge privileged material from the deposition transcript and a motion to disqualify plaintiff's counsel as a result of his coming into possession of certain privileged information. On October 25, 1985, the trial court, *Fracasse, J.,* granted both motions. The plaintiff appealed the disqualification of her counsel to this court. See *Van Tienen* v. *Register Publishing Co.,* 202 Conn. 670, 522 A.2d 817 (1987).

in cases appearing on an assignment list for final adjudication." Since only seven days had elapsed since the filing of the motion for nonsuit which also claimed a dismissal, it is clear that the plaintiff did not receive the required two weeks notice. The defendant contends, however, that the matter was on an assignment list for final adjudication and, therefore, the two weeks notice was not required under § 251.

The record discloses that on May 16, 1986, some seventeen months earlier, this case appeared on the weekly printed assignment list. It contained the following notice: "As of January 1, 1986, all cases from 1982 or older on this list are ready and will not be continued. . . . Counsel must be present for the call of this list, or cases will be nonsuited, dismissed or defaulted."

Practice Book § 270 provides in relevant part: *"Each week* a sufficient number of cases shall be assigned to provide business for each trial day of the following week. . . . The caseflow coordinator or clerk shall cause *the list of cases for the following week* to be prepared and distributed to counsel and pro se parties of record." (Emphasis added.)

The record is silent as to the publication that notified the parties that the matter was assigned for trial on October 16. Since counsel refers us, however, to an assignment list of May 16, 1986, as the publication in which the case appeared "on an assignment list for final adjudication"; Practice Book § 251; we infer that this was the last time the case was printed on an assignment list.

Since Practice Book § 270 contemplates the weekly distribution of the list of cases assigned for trial the following week, it is unreasonable to expect that the listing of the case some seventeen months earlier would serve to obviate the two weeks notice requirement of

§ 251. In an environment of supposedly weekly trial lists, one cannot fairly expect to be charged with the implications of a § 251 dismissal when the operative notice occurred seventeen months earlier. We conclude, therefore, that the court erred in rendering a judgment of dismissal.

Practice Book § 351, however, states in relevant part: "If a party . . . fails without proper excuse to appear for trial, he may be nonsuited or defaulted by the court." At the hearing on October 26, 1987, the trial court found that the plaintiff "was tardy in her efforts to obtain new counsel and . . . we're still virtually at square one in so far as new counsel is concerned." The trial court further found that the plaintiff had furnished no reasonable expectation that she could either obtain counsel or proceed on her own. Under these circumstances the trial court acted well within its discretion in finding that the plaintiff lacked a "proper excuse" within the meaning of § 351. *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 149, 448 A.2d 829 (1982). The trial court erred, however, in rendering a judgment of dismissal. The proper order, in this case, was one of nonsuit.

There is error in part, the judgment is vacated and the case is remanded to the trial court with direction to render a judgment of nonsuit.

In this opinion the other justices concurred.