[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO VACATE ORDER #249
Before the court is Defendant's MOTION TO VACATE COURT'S (BINGHAM, J.) JUDGMENT ENTERED APRIL 24, 1990. CT Page 3023
The defendant paid the clerk the statutory fee of $50.00 to Reopen Judgment and the court will treat the defendant's motion as a Motion to Reopen Judgment.
 I
This case, commenced by service of process which occurred in 1977, has proceeded over the last thirteen years until April 24, 1990 when a judgment against the defendant entered after a hearing in damages.
The lawsuit involves claims for legal fees owed as a result of litigation in which the plaintiff represented the defendant in an action in the United States District Court for the District of Connecticut.
Because the defendant has not shown he was prevented from appearing because of mistake, accident or other reasonable cause, the Motion to Vacate the April 24, 1990 judgment and reopen it is denied.
 II
A. ABUSE OF LEGAL PROCEDURES
This matter was first assigned before this court on the Short Calendar of August 27, 1990. The defendant had claimed the following motions as ready for argument.
 ARG 227.00 MOTION TO REARGUE ARG 235.00 MOTION TO OPEN DEFAULT ARG 239.00 MOTION TO DISQUALIFY ARG 240.00 SANCTIONS ARG 240.50 OBJECTION TO MOTION ARG 241.00 MOTION TO DISQUALIFY ARG 242.00 MOTION TO OPEN DEFAULT ARG 245.00 SANCTIONS ARG 247.00 MOTION TO DISQUALIFY ARG 249.00 MOTION TO VACATE ORDER ARG 253.00 OBJECTION
After a painstaking review of the file, the court then determined that only Motion 249.00 was properly before the court. Despite the fact the case had already gone to judgment, the defendant claimed a hearing on other duplicative motions filed prior to judgment which sought to disqualify the trial judge from the trial of a case which had already gone to judgment (although recusal had already been ruled on and denied by Judge Bingham); a motion to reopen a default which had CT Page 3024 already been denied with prejudice eight months earlier by Judge Bingham and other motions which were not properly before the court. All of these other duplicative and improper motions were marked "off" by this court.
To avoid further abuse of legal procedures, the court on its own motion further orders that the Clerk of the Superior Court for Stamford not reassign the following motions for rehearing again before the court, and that the defendant not again claim or reclaim them for hearing, under pain of the contempt powers of this court'
 227.00 MOTION TO REARGUE 235.00 MOTION TO OPEN DEFAULT 239.00 MOTION TO DISQUALIFY 240.00 SANCTIONS 240.50 OBJECTION TO MOTION 241.00 MOTION TO DISQUALIFY 242.00 MOTION TO OPEN DEFAULT 245.00 SANCTIONS 247.00 MOTION TO DISQUALIFY 249.00 MOTION TO VACATE ORDER 253.00 OBJECTION
Because substantial parts of the file were not placed in chronological order which did not permit the court to follow the defendant's arguments efficiently on August 27th, after an hour and a half of labor under that handicap, the court ordered the file placed in order and that the plaintiff's counsel appear at the next hearing. The hearing on this Motion to Vacate was then continued to September 10, 1990.
B. CASE FLOW MANAGEMENT
If further trial court action is necessary in this case it will require focused case flow management.
This management should not be confused with computer techniques.
Although in recent Connecticut Judicial History the concepts of computerization and case flow management have often been linked with one another, they are separate and distinct concepts.
The former has proved to be a costly system which does little or nothing to enhance the administration of justice at the trial level, while the latter is necessary.
Case flow management really means intervention by a judge CT Page 3025 to see that matters before the court proceed with efficiency, dispatch and fairness. Cases can not be permitted to drift aimlessly through the system.
Since the undersigned's assignment to Stamford is at an end, and because the defendant has objected to the Administrative Judge specially assigning the matter, this court suo motu hereby specially assigns any further trial level proceedings in this matter to the Hon. Nicholas Cioffi, a Judge of the Superior Court, on the custom track.
 III
The court takes judicial notice that this matter was specially assigned to Judge Bingham in 1989 and that he ended his involvement by his decision of June 19, 1990.
The court takes judicial notice of the proceedings before Judge Bingham on June 19th, 1990.
In evidence before this court is the computerized notice of hearing sent out to both the plaintiff and defendant by the clerk dated June 7, 1990 in which they were advised that
 "A hearing will be held on the post-judgment motions filed in this case on June 19, 1990 at 10:00 A.M. before the Honorable James F. Bingham at 115 Hoyt Street, Stamford, CT. Lorraine A. Murphy, Deputy Chief Clerk."
The defendant, Mr. Malachowski, appeared in court and read a statement into the record June 19, 1990 in which he indicated that the matters assigned were not properly before the court because a short calendar list of them was not distributed to him, that the plaintiff was in default, that the court engaged in illegal acts because of a final Federal Judgment, that no motions were on for hearing and that the court lacked jurisdiction. He then left the courtroom after lecturing the judge that "the Short Calendar dictates what you're supposed to hear." Judge Bingham went on to decide one of the two motions. This court finds he had authority to hear and determine the motion and that it was properly assigned pursuant to Section 271 of the Rules of Practice. He determined that "the appellant's defendant's motion for leave of court for permission to file a late motion to reopen the above appeal is denied." Judge Bingham had insured that the defendant had notice and opportunity to be heard. He had proper authority to hear and decide the motion. He took no action on the Motion to Vacate #249.00. CT Page 3026
 IV
The court also takes judicial notice of the record of the proceedings before Judge Bingham which occurred on April 24, 1990. Defendant Malachowski on that date appeared and stated his refusal "to argue before Judge James F. Bingham." He then left the courtroom. A hearing in damages proceeded pursuant to Conn. Practice Bk. 366. The court entered judgment in favor of the plaintiff and against the defendant for $67,697.00.
It is that judgment that the plaintiff seeks to reopen.
Pursuant to Conn. Practice Bk. 377, any judgment rendered upon a default or nonsuit may be opened, within four months of judgment, by a moving party prejudiced thereby. Conn. Practice Bk. 377. There must be a showing that : (1) a good defense existed at the time judgment was rendered; and (2) the party seeking judgment was prevented from appearing because of mistake, accident or other reasonable cause. Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160, 167
(1984). (emphasis supplied); Conn. Practice Bk. 377; Conn. Gen. Stat. 52-212 (1989).
It is not enough to claim there might have been a good defense which existed to the underlying action. The party who seeks to have the judgment reopened must also show that he was prevented from appearing because of mistake, accident or other reasonable cause. But in fact Mr. Malachowski did appear, stated that he refused to argue before Judge Bingham and left the courtroom. While he gave equivocal testimony at the hearing on this motion to reopen, he offered documentary evidence at the hearing before this court on September 10, 1990 which was marked as Exhibit 15 and the original of which was filed with the clerk in the April 24, proceeding before Judge Bingham stating "[l]et the record show that the defendant in this civil action has appeared ths [sic] day of April 24, 1990 before the court. Defendant has filed motions in objection to be heard and has stated grounds and authorities in refusing to James F. Bingham." The court finds the defendant made a binding judicial admission and it is obvious that Mr. Malachowski had notice of the April 24th proceeding, was present, chose not to participate in it, walked out of the courtroom and therefore, has no grounds to satisfy the second prong of 377 of the Rules of Practice which requires the party seeking to reopen a judgment to establish that he was prevented from attending a hearing by mistake, accident or other reasonable causes. Costello v. Hartford Institute of Accounting Inc., Id. He was given numerous opportunities to present evidence but chose not to do so. The instant law suit arose out of a claim by the plaintiff law firm for professional CT Page 3027 services rendered which the defendant disputed. Even though he had been defaulted on December 12th of 1989 for failure to appear for trial and failure to respond to certain interrogatories, he was entitled under the Rules of Practice 367 to offer evidence contradicting the amount of damages, provided he had given notice of his intention to do so. In theory at least, despite the default, the judge might have decided after such a hearing in which the defendant Mr. Malachowski participated that the plaintiff was not entitled to any damages from Mr. Malachowski. The April 24th hearing then was a crucial point in the proceedings because it provided a forum and opportunity to be heard where the defendant could have contested the amount claimed owed by the plaintiff, and it was from this very hearing that the judgment was determined. The defendant freely chose to walk out of that hearing. He has not sustained his burden of showing that he was prevented from appearing by mistake, accident or other reasonable cause.
 V
Even with all of that, if we assume arguendo, that there were some merit to any of his various claims as to the ability of Judge Bingham to render the judgment against him, he had a remedy available and open to him by appeal. That appeal would have permitted him to contest any jurisdictional or other similar defects he claimed in the judgment. That appeal would have permitted an appellate tribunal to review whether Judge Bingham was justified in refusing Mr. Malachowski's request that he recuse himself. Mr. Malachowski took no timely appeal however. A motion to reopen is not a substitute for a timely appeal. VI.
The defendant has also claimed that Judge Bingham had no authority in the matter and that the judgment should be vacated for lack of proper jurisdiction because the United States District Court had determined the issues of attorney's fees owed to Silverberg, Marvin and Swaim. This claim evidently emanates from a stipulation entered into in the United States District Court in the case of Henry Malachowski v. Robert Daniels Company, Inc., Generics Corporation of America, Civil B-76-222 filed February 15, 1977 in the U.S. District Court Clerk's Office in New Haven, Connecticut. In the stipulation Mr. Malachowski and the defendant companies made certain agreements for the judgment dismissing the case he had brought against the defendants in return for other considerations which were spelled out in the judgment of dismissal of this federal case. Mr. Malachowski appears to contend that subparagraph 13F of it limited what Silverberg, Marvin and Swaim could claim as a fee. It provided that Generics was to receive certain CT Page 3028 royalties if Mr. Malachowski developed his arthritis drug, that would be reduced by his costs of effectuating the settlement but that "said reduction in the amount due Generics shall not exceed $25,000." Although Silverberg, Marvin and Swaim represented Mr. Malachowski, they were not parties to that dismissal judgment, whatever its effect. It is true that Mr. Malachowski, had he chosen to participate in a trial before Judge Bingham, might have offered some evidence before him in his favor about the circumstances and any details of the dismissal which helped his case, but that is evidence he might have offered, not a res judicata bar.
The principal of res judicata as applied by our Supreme Court was succinctly summed up in the case of Gagne v. Norton,189 Conn. 29 at page 32:
 "A final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made."
"Our rules of res judicata are based on the public policy that `a party should not be allowed to relitigate a matter which it already had had an opportunity to litigate.'" Duhaime v. American Reserve Life Insurance Company, 200 Conn. 360,363-364. Although he had the opportunity to do so, Mr. Malachowski failed to sustain his burden that the Silverberg, Marvin Swaim, P.C. corporation had an opportunity to litigate against him in the United States District Court case of Henry Malachowski v. Robert Daniels Company, Inc.; Generics Corporation of America or was bound by the dismissal judgment.
Furthermore, it is important to reiterate that in the numerous opportunities that Mr. Malachowski had to begin trial of his case, or present evidence, he chose not to do so. That trial was the time and place for him to make any Res Judicata defenses and offer certified copies of the appropriate court orders and transcripts of those federal proceedings. Having spurned the opportunities given him to do so, he cannot use that refusal to go into the courtroom or remain in attendance, participate and offer evidence as a basis to reopen the judgment.
The defendant also claims that the judgment entered by Judge Bingham should be reopened because the judgment entered at a time when the pleadings were not closed. This claim is evidently made on the basis that when this law suit was CT Page 3029 originally brought against Mr. Malachowski that, according to Malachowski, Silverberg, Marvin Swaim represented itself pro se and had to be cautioned by another judge about that. The court notes that the defendant's Exhibit No. 13 which he entered into evidence and which in any event is a part of the court file, is the actual writ, summons and complaint originally served on Mr. Malachowski returnable to the Second Tuesday of May, 1977. This writ, summons and complaint was not signed by any member of Silverberg, Marvin Swaim, P.C. but instead was signed by Arthur E. Balbirer, Esq. of the law firm of Berkowitz Balbirer, P.C. If at some later time the law firm of Silverberg, Marvin Swaim attempted to represent itself or did represent itself pro se, even Mr. Malachowski concedes that for the past ten years in the history of this law suit it has been represented by independent counsel. The court finds that Mr. Malachowski, through his then attorney, filed an answer and special defense on June 19, 1977 and that on July 5, 1977 the plaintiff replied to those special defenses. His later attempt to file a counterclaim resulted in it being struck. Therefore, there was in fact, a complaint and answer, special defenses and a denial of them in this file when Judge Bingham entered the judgment. The court therefore, rejects Mr. Malachowski's argument that the pleadings were not closed. They had been closed for almost thirteen years before the judgment issued by Judge Bingham in 1990.
 VII.
The defendant also claims that Judge James F. Bingham, "stole defendant's motion #185.00 and gave defendant's motion #185.00 to the plaintiff who had no motion filed with the court to be heard on December 11, 1989." The most charitable comment that could be summoned about this particular contention is that it is absurd. Mr. Malachowski claimed for hearing on December 11, 1983 Motion #185.00 which had been filed by the plaintiff against him by pleading dated February 16, 1984 signed by David S. Golub, Attorney at Law for the plaintiff. In that motion Golub sought an entry of default against Mr. Malachowski as a result of his failure to properly respond to interrogatories and production requests which had been pending since January 10, 1984. There is no rule that prevents a defendant from claiming a hearing on a plaintiff's motion and in practice that often occurs. Mr. Malachowski clearly did so and then on December 12, 1989 when these motions were to be heard, to be followed by the immediate trial of the case, he refused to take any further part in the proceedings in Judge Bingham's courtroom. He has again failed to sustain his burden under Rule 377 to justify reopening judgment for this reason. Entry of the default against him on December 12, 1989, which was in part based on relief sought by the plaintiff's Motion to Compel CT Page 3030 No. 185 for his failure to answer interrogatories, occurred because he claimed the plaintiff's motion for argument, then after coming to the courthouse that day refused to argue in Judge Bingham's courtroom. Having set these events in motion by his own intentional acts, he must live with them.
Furthermore, he again was given the opportunity to argue his Motion to Reopen that default in January of 1990, but did not avail himself of it and the motion was denied by Judge Bingham with prejudice.
Mr. Malachowski also claims that the default for failure to appear for a trial which Judge Bingham entered should not have entered on December 12, because no trial list had been printed and mailed to him by the court. Evidently no printed trial list had been printed listing this case and other different cases on the trial list. His claim is that this is required by 270 of the Practice Book. The short answer to this argument is that the case was specially assigned to Judge James F. Bingham. Practice Book 270 must be read together with 271 which follows it which makes specific provision for specially assigned cases. Section 271 provides in pertinent part that:
 "The presiding judge may assign a number of cases directly to individual judges for trial. . . Each judge to whom cases have been assigned shall have discretion in assigning his cases for trial and shall exercise that discretion in a manner which takes into consideration the business of the court, the convenience of the court and the litigants, and a speedy disposition of the cases."
This case had a number of assigned trial dates prior to December 12, 1989. For a variety of reasons, Mr. Malachowski sought and received numerous continuances of previously scheduled firm trial dates before Judge Bingham. Judge Bingham had every right to schedule a case specially assigned to him for trial in accordance with 271 of the Practice Book. He did so. He refused again to continue the case per Mr. Malachowski's December 11th request. Since the case was then twelve (12) years old, an impartial observer looking at the assignment by Judge Bingham would have to conclude as he did, that its time had come. The court has a duty to see that cases are not allowed to linger forever. Gionfrido v. Wharf Realty,193 Conn. 28. The trial court has the responsibility to process cases in a timely and efficient manner. ". . . .Cases cannot be allowed to drift aimlessly through the system." Jacowski v. AMF, Inc., 208 Conn. 230, 233. The case of Van CT Page 3031 Tienen v. Register Publishing Co., 208 Conn. 472 is readily distinguishable from this case. Van Tienen involved a calendar call where the last printed assignment list of the case had occurred seventeen months earlier and where the plaintiff claimed it had not received the required two weeks notice, before the case was dismissed.
As distinct from Tienen, this was not a generally assigned case but a specially assigned case and Mr. Malachowski had been notified in advance that the case was assigned for firm trial on December 12, 1989. He was then personally told the same date of assignment in court on December 11th. In any event, when he went to the courthouse on December 12, 1989 he was required to remain in attendance and participate in the proceedings before Judge Bingham on that day. He knew of the assignment date and was physically present but chose to leave the courthouse. The court rejects this argument.
For all these reasons, the motion is denied.
FLYNN, JUDGE.