## JAMES CASERTA *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD ET AL.
### (8665)

FOTI, LAVERY and LANDAU, Js.

Submitted on briefs March 23—decision released July 14, 1992

*Cynthia C. Anger,* assistant city attorney, filed a brief for the appellant (named defendant).

*Benson A. Snaider* filed a brief for the appellee (plaintiff).

LANDAU, J. This case is before this court on remand from the Supreme Court. Initially, we concluded that the defendant zoning board of appeals did not have subject matter jurisdiction to hear the plaintiff's appeal. *Caserta* v. *Zoning Board of Appeals,* 23 Conn. App. 232, 580 A.2d 528 (1990). The Supreme Court, after granting the defendant's petition for certification, reversed our decision and remanded the case for our consideration of the underlying substantive issue. *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 593 A.2d 118 (1991). The sole issue to be decided on remand is whether the trial court applied the proper scope of review to the board's determination that the zoning enforcement officer was without authority to issue the requested permit and that the permit was improperly issued because the nonconforming use has been abandoned. We conclude that it did not.

The pertinent facts are set forth in *Caserta* v. *Zoning Board of Appeals,* supra, 219 Conn. 353, and *Caserta* v. *Zoning Board of Appeals,* supra, 23 Conn. App. 232, and will be restated only briefly here. The plaintiff is the owner of a parcel of property that includes a twenty unit hotel-rooming house that was in use as such prior to the adoption of zoning in Milford.[1] The plaintiff applied to Peter Crabtree, the zoning enforcement officer of the city of Milford, for a zoning permit. Crabtree granted the permit and then subsequently revoked it on the order of Angelo Marino, chairman of the planning and zoning board. The plaintiff appealed the revocation to the zoning board of appeals and was informed by letter dated April 22, 1988, that the board was upholding the revocation on the ground that the permit had been improperly issued and that the nonconforming use had been abandoned. The plaintiff appealed to the Superior Court. The Superior Court sustained the plaintiff's appeal.

---

[1] Upon adoption of the regulations, the use became a preexisting nonconforming use.

In its memorandum of decision, the trial court stated that the board failed to "state upon its record the reason for its decision" to affirm the revocation of the plaintiff's permit as required by General Statutes § 8-7. It further found that Crabtree granted the plaintiff's permit in his capacity as zoning enforcement officer and that he complied with the zoning regulations relating to the plaintiff's application.[2] Finally, the trial court concluded that the zoning permit had been improperly revoked because the criteria for revocation as set forth in *State* v. *Tedesco,* 175 Conn. 279, 397 A.2d 1352 (1978), had not been met.

"An administrative agency such as the board in the instant case is called on to determine the applicability of the law to a given state of facts presented to it. The trial court [has] to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 117, 186 A.2d 377 (1962)." *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 620, 238 A.2d 400 (1968); see also *Miniter* v. *Zoning Board of Appeals,* 20 Conn. App. 302, 308–309, 566 A.2d 997 (1989). " 'In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal.' . . ." *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988), quoting *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560–61, 236 A.2d 96 (1967).

---

[2] The court noted that this situation was governed by §§ 8.3 and 8.5 of the city regulations. Section 8.3 requires that an application, accompanied by a layout or plot plan showing specific information about the property, be submitted to the zoning enforcement officer prior to the commencement of any construction. Section 8.5 states that the zoning enforcement officer shall approve the application if all of the requirements of the zoning regulations have been met.

"[If] a zoning authority has stated the reasons for its actions, the reviewing court ought to examine the assigned grounds to determine whether they are reasonably supported by the record and pertinent to the considerations the authority was required to apply pursuant to the zoning regulations." (Citations omitted.) *Beit Havurah* v. *Zoning Board of Appeals,* 177 Conn. 440, 444–45, 418 A.2d 82 (1979). The court is restricted to determining whether the board's findings are reasonably supported by the record and whether the reasons given were pertinent reasons for the board's actions. *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 677, 559 A.2d 1174 (1988). These limitations clearly apply to a trial court's review of a zoning board decision as well as to our review of the trial court's decision.

The board argues that the trial court applied an improper standard of review in sustaining the plaintiff's appeal. Specifically, the board argues that, in reaching its conclusion, the trial court improperly considered the actions of the zoning enforcement officer rather than the entire record on which the board relied. We disagree, but conclude that the trial court did not properly consider whether the board correctly interpreted the regulations and applied them with reasonable discretion to the facts. See *Miniter* v. *Zoning Board of Appeals,* supra.

Initially, we note that the trial court was correct in concluding that the board failed to "state upon its record the reason for its decision" to affirm the revocation of the plaintiff's permit as required by General Statutes § 8-7. This alone, however, is not sufficient justification for the trial court's sustaining the plaintiff's appeal. In *Gagnon* v. *Inland Wetlands & Watercourses Commission,* 213 Conn. 604, 569 A.2d 1094 (1990), the plaintiff appealed from a decision of the inland wetlands commission on the sole ground that

the commission failed to state on the record the reason for its decision. Our Supreme Court concluded that the trial court improperly sustained the plaintiff's appeal and held that the long established rule requiring a search of the administrative record in appeals from planning and zoning authorities to determine if there is an adequate basis for the action taken, applies with equal force to an appeal from an inland wetlands commission. Id., 608.

The trial court's reliance on this inadequacy, alone, does not mandate a reversal of its decision because this was not the sole basis on which it sustained the plaintiff's appeal. The trial court also relied on the fact that the board improperly determined that Crabtree was not authorized to issue the plaintiff's permit and that the board improperly affirmed the revocation of the permit.

As stated previously, where the board sets forth the reasons for its actions, the reviewing court is bound by those findings and may examine only those assigned grounds to determine whether they are reasonably supported by the administrative record or are clearly erroneous. *Molic* v. *Zoning Board of Appeals*, 18 Conn. App. 159, 164–65, 556 A.2d 1049 (1989). The board's reasons for sustaining the revocation are clearly set forth in the April 22 letter informing the plaintiff that the board was upholding the revocation of the permit. The board concluded that Crabtree was not the proper authority to issue the requested permit, and, relying on a "presumption of abandonment," determined that the plaintiff had abandoned the nonconforming use of the property, therefore, relinquishing the right to use the property in a nonconforming manner.

The trial court applied the proper standard of review in determining that Crabtree granted the plaintiff's permit in his capacity as zoning enforcement officer and that he complied with the zoning regulations relating

to the plaintiff's application. In support of its conclusion that Crabtree was the proper authority to grant the permit the trial court relied on the following facts: (1) Crabtree's testimony before the board that he had been acting as the zoning enforcement officer since 1971 and had acted on over 1000 zoning permit applications, and has continued to act on permit applications after the plaintiff's application, without objection, (2) the town of Milford's casual acceptance of Crabtree as zoning enforcement officer, and (3) whenever Crabtree is referred to in the record, he is referred to as the zoning enforcement officer. In support of its conclusion that Crabtree complied with the zoning regulations in issuing the plaintiff's permit, the trial court relied on Crabtree's testimony that he felt the permit was valid because, although there was a decrease in the use, (1) the original use was apparent, (2) a mere vacancy does not constitute abandonment, (3) a vacant apartment in a building does not indicate that the use is abandoned, (4) there was never a single-family house on the property, (5) a rooming house is a permitted use in a single-family zone, and (6) no additional parking spaces needed to be provided.

These facts lead to the reasonable conclusion that Crabtree granted the plaintiff's permit in his capacity as zoning enforcement officer and that the board improperly determined to the contrary. We, therefore, conclude that the trial court applied the proper standard in concluding that the board improperly determined that Crabtree was not authorized to issue the permit to the plaintiff. See *Miniter* v. *Zoning Board of Appeals,* supra. Although the court did not use the talismanic phrase "clearly erroneous," such a conclusion is implicit in its memorandum of decision.

The trial court, however, never addressed the second of the two reasons set forth by the board for affirming the revocation of the plaintiff's permit—that,

because of a "presumption of abandonment," the plaintiff's cessation of the nonconforming use resulted in the plaintiff's relinquishing the right to use the property in the nonconforming manner.

The trial court's conclusion that the zoning permit had been improperly revoked because the criteria for revocation as set forth in *State* v. *Tedesco,* supra, had not been met goes beyond the stated reasons for the board's affirmation of the revocation of the zoning permit. We, therefore, conclude that in determining that the *Tedesco* criteria had not been satisfied, the trial court exceeded the proper scope of review.

The judgment is reversed and the case is remanded to the trial court to determine whether the board properly relied on a presumption of abandonment and thereby found that the plaintiff had abandoned the nonconforming use of his property.

In this opinion the other judges concurred.