[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Kenneth and Nancy Allen Steinberg (Steinbergs) of Middlebury, Connecticut and Port Washington, New York, husband and wife, own five parcels of Middlebury real estate. They appeal from two decisions of the Middlebury Zoning Board of Appeals (Board) denying their applications.[1]
During July of 1991, Paul DeRito, Middlebury's Zoning Enforcement Officer, denied the Steinbergs' application for a CT Page 11666 certificate of a zoning compliance for Parcel B. See Appendix A. The Steinbergs appealed under date of August 8, 1991 the officer's decision and secondly, under the same date, applied to the Board for a variance for Parcel A. The Board, after receiving the two applications, and noticing them for public hearings, which commenced in September of 1991, eventually denied them at the Board's March 4, 1992 hearing. This appeal follows and essentially presents three distinct issues: one, the Board failed to observe the statutory time mandates for decision making as set forth in section 8-7d of the Connecticut General Statutes[2] and thus each application ought be granted by operation of law; two and three: the Board's decisions in denying the two applications are illegal, arbitrary and in abuse of the Board's discretion.
We agree that the Board failed to observe the mandates of section 8-7d and thus sustain the appeal.
 II.
Many of the facts pertinent to this appeal, as revealed by the pleadings, are agreed upon by the parties. The Town of Middlebury first adopted zoning regulations and a zoning map October 15, 1959 and the Steinbergs own the real estate depicted on the Riordan map as Parcel A; Parcel B; Parcel 2 and Parcel 5. See Appendix A. This property is located in an R-80 single-family residential district and the minimum lot area in such a district is 80,000 square feet with a minimum frontage on a town approved road of 200 feet. Under the Middlebury zoning ordinance, interior lots require 120,000 square feet and a minimum frontage on a town approved road of 50 feet. As indicted in the Riordan survey, White Deer Rock Road divides Parcel A, on which is found a single family residence, to the north, and Parcel 2 to the south. Parcel 2 itself has 188.95 feet of frontage on White Deer Rock Road, which is a road accepted by the municipality. During July of 1991, Paul DeRito, the municipal zoning enforcement officer, denied the Steinbergs' request for a certificate for zoning compliance for Parcel B because such a finding of compliance would result in a contiguous parcel; namely, Parcel's A becoming non-compliant under the zoning regulations. The basis for the officer's decision was that Parcel A, standing alone, did not have the required 200 feet of frontage on a town accepted road.
The parties further agree, as set forth in the pleadings, to the following additional facts. Under date of August 8, 1991, the Steinbergs applied to the Board for a reversal of the zoning CT Page 11667 enforcement officer's decision and also for a variance for Parcel A. Subsequently, the Board publicly noticed the two applications under date of August 22, 1991 for a public hearing on September 4, 1991. Thereafter, the Board conducted a public hearing concerning the applications on September 4, October 2 and November 6, 1991. However, the Board did not decide the applications at its November meeting. Thereafter, the Steinbergs received, prior to the Board's December, 1991 meeting, written notice informing them that the Board did not have a quorum and that their applications would not be on the agenda for the December meeting. Subsequently, the Steinbergs received another written notice prior to the Board's January meeting that it did not have a quorum and that their applications would not be on the January agenda. Thereafter, the Steinbergs again received a notice indicating that they would not be on the Board's February agenda for lack of a quorum. This last notification came to the Steinbergs under date of January 20, 1992. (R.R. #23) Thereafter, under date of February 17, 1992, the Steinbergs, through their attorney, informed the Board that their applications must be approved by operation of law because of the Board's failure to act within the mandatory time limits set forth in section 8-7d of our statutes. Subsequently, the Board met concerning the Steinbergs' matters on March 4, 1992 and promptly denied each application. See Steinbergs' Complaint dated March 20, 1992 and Board's Answer dated July 24, 1992.
 III.
When this appeal was tried before us on September 25, 1992, Kenneth Steinberg, testified that he held title to the land in common with his wife, Nancy L. Steinberg by virtue of her quit claim deed dated December 15, 1988 to him. According to Mr. Steinberg, his wife, prior to their marriage, had purchased the property during September of 1986. Transcript, trial of September 25, 1992 at 3-4; trial exhibits #1 and #2. Accordingly, the court concluded that the Steinbergs for the purposes of this appeal were aggrieved parties. Huck v. Inland Wetland and Watercourse Agency,203 Conn. 525, 530-31 (1987).
The Board suggests that this appeal was not timely filed. It argues that since the Steinbergs contend that their two applications ought to have been granted by operation of law pursuant to section 8-7d as of November 4, 1991 and since the appeal was not filed until March of 1992, after the Board denied their two applications, this appeal is not timely under section8-8(c) of our statutes[3] Brief of The Defendant Zoning Board of CT Page 11668 Appeals of the Town of Middlebury, dated September 8, 1992, 13-15. We think this argument is misplaced since section 8-8(c) applies to "planning commission" decisions. Section 8-8(b) of our statutes provides in relevant part that "any person aggrieved by c decision of a board may take an appeal to the Superior Court. . . ." (Emphasis added) In section 8-8(a)(2) "board" is defined as: "municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission the decision of which may be appealed pursuant to this section." Here, the Steinbergs filed their appeal pursuant to section 8-8(b), which provides for an appeal from a "board," and the record reveals the appeal was filed with the Board on March 25, 1992, which was within the fifteen day period from March 11, 1992, the date the Board published notice of its decisions.
 IV.
Within our legal framework, it is, in the first instance, the responsibility of the Board to apply the statutes and its zoning regulations to the facts presented by each case. Caserta v. Zoning Board of Appeals, 28 Conn. App. 256, 258 (1992). Upon appeal to this court, it is our duty to determine whether the Board correctly applied the law and to recognize that the Board in carrying out its mandate is vested with liberal discretion. Id. Our judicial focus must be on whether the Board's decisions were unreasonable, arbitrary or illegal. Id. Here, it is the Steinbergs' burden to prove that the Board acted improperly. Pleasant View Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 269 (1991). Further, since the record reveals that the Board, when it denied the two applications on March 4, 1992 made no findings and gave no reasons for it's actions, we, unfortunately, must search the entire record to determine whether the Board's decisions might be upheld. Protect Hamden/North Haven from Excessive Traffic and Pollution, Inc. v. Planning and Zoning Commission, 220 Conn. 527, 544-45 (1991).
 V.
After scrutinizing the record returned to us, the court makes the following determinations concerning what the Steinbergs' described as their principal argument upon this appeal; namely, whether their applications ought be granted as a matter of law because the Board failed to observe the statutory time periods set forth in section 8-7(d) of our statutes. Brief of Plaintiffs CT Page 11669 Kenneth Steinberg and Nancy Allen Steinberg, dated August 13, 1992, at 40. The Board, as it must, concedes that such statutory time periods both for completing the hearing and rendering its decision are mandatory. Brief of Defendant Zoning Board of Appeals at 10; Caron v. Inland Wetland Watercourses Commission of the Town of Berlin, 222 Conn. 269, 275 (1992); Car v. Woolwich,7 Conn. App. 684 (1986). However, the Board argues that the Steinbergs consented to extensions of the statutory time periods so that March 4, 1992 Board decisions were timely made.
The Board actually convened hearings on the applications September 4, 1991; October 22, 1991; November 6, 1991 and March 4, 1992. At the September 1991 hearing, counsel for the Steinbergs presented fully to the Board his clients' case. Briefly put, the Steinbergs contended throughout the hearings that the zoning enforcement officer for Middlebury ought to have granted the certificate of compliance for Parcel B because in all respects it qualified as a lot in the Middlebury R-80 zone and that Parcel A when added to Parcel 2 ought to qualify either as an interior lot under the zoning ordinance or a conforming lot if the Board added the street frontage of Parcel A and Parcel 2 on White Deer Rock Road, the only town accepted road in the vicinity of the Steinbergs' property.
At the conclusion of the September public hearing, one board member indicated to the Steinberg's counsel "we'll have a decision for you next month." Transcript of September 4, 1991 hearing at 12. — The Board, however, met again in hearing on October 2, 1991, which was within the statutory 30 day period for completion of a hearing on these applications. The transcript of this proceeding reveals that the Steinbergs again presented their zoning arguments. When the Board indicted that it would consult with its counsel because of the complexity of these matters, Steinbergs' attorney responded "I have no objection to that." And again, "obviously, by statute, you need plenty of time to make your decision. I would consent to whatever additional time everyone needs to study the issue." Transcript, October 2, 1991 hearing at 4. Thereafter, during this same October hearing, an attorney in opposition to the Steinbergs' applications presented an argument. At the conclusion of this proceeding, when queried by the Board if he was "willing to let this go over to the next meeting?", Steinbergs' counsel responded "yes, of course, oh sure. I think that everybody should have enough time to mull this over." Transcript, October 2, 1991 hearing at 7. — The Board argues on this record that the Steinbergs had consented to an extension of CT Page 11670 sixty days to "conclude the hearing, and an additional one hundred and thirty days within which to render a decision." Brief of Defendant Zoning Board at 11. — In our opinion, the record, as the Board itself during the October hearing indicated, merely supports the Steinbergs consent to a 30 day continuation of the hearing process as distinguished from the 65 day statutory period for decision making.
The next meeting of the Board concerning these applications was convened November 6, 1991. Since this hearing date was beyond the thirty day mandated period for completing the public hearings under section 8-7(d) from the last hearing on October 2, 1991, the Steinbergs now contend their applications ought be granted as a matter of law. However, our view of the record of the November 6 proceeding indicates that after Steinbergs' counsel again presented argument in favor of the two applications, the Board indicated it had consulted counsel since the last hearing and could not vote on these two applications because the Board lacked the necessary quorum since some of its members were disqualifying themselves because of conflicts. The Board then suggested that Steinbergs' counsel meet with the town attorney. The record reveals the following colloquy between the Board and counsel for the Steinbergs.
 "UNKNOWN SPEAKER: But again, I think you raise issues which are beyond and again the point as I said, we can't even vote on it legitimately due to lack of quorum and I will take this up with Attorney Smith. I think that he and you should discuss the finer points of this.
 FRANKLIN PILICY [Attorney for Steinbergs]: Fine. So as I understand it the Commission will table it tonight and I'll try to meet with Attorney Smith before the next meeting.
 UNKNOWN SPEAKER: I will call him directly and ask him.
 FRANKLIN PILICY: Is this Jim Smith or Robert Smith?
UNKNOWN SPEAKER: Jim Smith. CT Page 11671
FRANKLIN PILICY: Okay.
UNKNOWN SPEAKER: Alright?
FRANKLIN PILICY: Good deal. Thank you.
 UNKNOWN SPEAKER: Alright, so we will table 2002 and 2003 for the next meeting to which point I will anticipate having Attorney Smith in attendance, if possible." Transcript November 6, 1991 hearing at 14.
We construe this colloquy between the Board and Steinbergs' counsel at the November meeting to indicate legally that the Steinbergs waived any legal defects in the convening of this November meeting and consented to a continuation of the hearing process to the Board's December meeting. Accordingly, we conclude that the statutory hearing process on these two applications ought to have been concluded not later than the Board's December meeting.
The record reveals that the Board's agenda for its scheduled December 4, 1991 meeting contained the Steinbergs' applications on its agenda (R.R. #14), but the Board postponed the meeting for lack of a quorum. (R.R. #19) Thereafter, it set the applications down for its January 8, 1992 meeting (R.R. #15); but the Board's counsel, unilaterally, requested a continuance of the January hearing date to February because he was not available. (R.R. #22) Thereafter, the Board's counsel on January 20, 1992 informed Steinbergs' attorney that the Board could not meet during February of 1992 because there was no available quorum since some of the Board members had declared conflicts of interest. (R.R. #23) This was also confirmed in a memo to Board members and alternates from the Board chairman, who also noted that the next board meeting was scheduled for March 4, 1992. (R.R. #16) Subsequently, under date of February 17, 1992, the Steinbergs through counsel advised the Board's attorney that they claimed their two applications were granted by operation of law pursuant to section8-7(d) of our statutes. (R.R. #25) Thereafter, on March 4, 1992 the Board did meet and promptly denied the applications.
The Board now contends that in the October 2, 1991 hearing, the Steinbergs consented not only to an extension of the thirty day hearing period, but also the sixty-five day period for decision making. We read this entire record to indicate that the CT Page 11672 Steinbergs consented during the October hearing to a continuation of thirty days to complete the hearing process. Although this continued hearing did not take place until November 6, 1991, more than the thirty days consented to, the Steinbergs at this November hearing consented to another thirty day period. Thus, the Board was obligated under section 8-7d to complete the hearing at its scheduled, but then cancelled December 4, 1991 meeting, and thereafter to render a decision within sixty-five days. Since the record demonstrates that the Board failed to complete the hearing within the thirty days and then to render a decision on the applications within the mandated sixty-five day period, this appeal must be sustained.
The Board, in the alternative, argues that if the court concludes that it did not complete the hearing and render decisions timely, the court ought to recognize that because the Board members disqualified themselves and because the Board does not have an ordinance empowering it to appoint replacements when members disqualify themselves, the Board was precluded by law from acting and the court under these circumstances ought not to declare the applications granted under section 8-7 (d) by operation of law. At oral argument, counsel for the Board informed us that the Middlebury Board of Selectmen is empowered to appoint replacements when zoning Board members disqualify themselves. Transcript, trial of September 25, 1992 at 23. Accordingly, we don't think either the Board or the Town of Middlebury is without an opportunity in law to appoint members to the Zoning Board of Appeals when its regular members need disqualify themselves. In these circumstances, we find no convincing reasons for the Board's failure to comply with the time mandates of section 8-7 (d). Thus, we conclude that the Board failed to conclude the hearing on these applications and to render decisions in a statutorily timely fashion. The appeal, therefore, is sustained.
In view of our decision, we do not reach the additional issues raised by the Steinbergs.
An order may enter accordingly.
WILLIAM PATRICK MURRAY, A Judge of the Superior Court