[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Lester Peterson and Mary Peterson (hereafter "Petersons"), appeal the decision of the defendant, Town of Redding Planning Commission (hereafter "Commission"), denying their waiver request and resubdivision application. The plaintiffs claim that the Commission acted illegally, arbitrarily, or in abuse of its discretion in denying the waiver request and resubdivision application.
The instant action involves an appeal pursuant to General CT Page 9620 Statutes, Sec. 8-28, from a decision of the Commission denying the plaintiffs' waiver request and resubdivision application. In January, 1991, the plaintiffs applied to the Commission for resubdivision approval. (ROR I, No. 11.) The plaintiffs proposed a resubdivision of a 12.534 acre parcel, located at the southerly end, easterly side of Deacon Abbott Lane South, into three (3) lots. (ROR I, No. 11.) Thereafter, on February 6, 1991, the plaintiffs, pursuant to section 4.6.1 of the Redding Subdivision Regulations, filed a request for a waiver of section 4.5.4.a of the Redding Subdivision Regulations. (ROR V, No. 18, p. 2.)
A public hearing concerning the application and waiver was opened on March 12, 1991. (ROR III, No. 1.) The public hearing was continued to April 9, 1991, and then to April 23, 1991, on which date it was closed (ROR III, Nos. 1, 2, 3.) On June 25, 1991, the Commission denied the plaintiffs' waiver request and denied the plaintiffs' resubdivision application without prejudice. (ROR III, No. 4.)
Plaintiffs now appeal from the Commission's decision on the grounds that (1) the Commission's denial of the plaintiffs' waiver request on the ground that it was improperly worded was improper; (2) the Commission's denial of the plaintiffs' waiver request on the ground that the request did not demonstrate sufficient reasons for the Commission to approve the waiver was improper; (3) the Commission prejudged the plaintiffs' resubdivision application; (4) the Commission's denial of the resubdivision application on the ground that there was insufficient lot frontage to comply with sections 4.3.5 and 4.3.6.d of the resubdivision regulations was improper; (5) the Commission's denial of the resubdivision application because the plaintiffs failed to comply with section 5.6.a of the subdivision regulations was improper; (6) the Commission's denial of the resubdivision application constitutes an unlawful taking of the plaintiffs' property in violation of Article First, Sec. 11 of the Constitution of the State of Connecticut; (7) the Commission's denial of the plaintiffs' resubdivision application constitutes an unlawful taking of the plaintiffs' property and constitutes a violation of the plaintiffs' equal protection and due process rights under the United States Constitution and; (8) the Commission's decision is unsupported by the record. (Plaintiffs' Amended Complaint, para. 9.) CT Page 9621
It is well established that "a statutory right of appeal from a decision of an administrative agency `may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988) (Simko II), quoting Simko v. Zoning Board of Appeals, 205 Conn. 413, 419,533 A.2d 879 (1987) (Simko I). "Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted.) Citizens Against Pollution Northwest, Inc. v. Conn. Siting Council, 217 Conn. 143, 153,584 A.2d 1183 (1991). General Statutes, Sec. 8-28 provides that appeals from decisions of planning commissions may be taken to the Superior Court in accordance with General Statutes, Sec. 8-8. General Statutes, Sec. 8-28.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991). The test for aggrievement is two-fold:
 "`First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89 (1974)."
Id., 307-08, quoting Connecticut Business Industry Assn., Inc. v. CHHC, 214 Conn. 726, 730, 573 A.2d 736 (1990); State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,299-300, 524 A.2d 636 (1987).
"Aggrievement is established if `there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates, supra, 308.
The court finds that the plaintiffs were, at the time of CT Page 9622 the application and at all times referred to herein, the owners of the subject property. (See Plaintiffs' Brief, Exhibit B.) Therefore, the court finds that the plaintiffs are aggrieved.
Persons aggrieved may appeal from an action or decision of a planning commission "within fifteen days from the date when notice of such decision was published. . . ." General Statutes, Sec. 8-8(a) (Rev. to 1987). The plaintiffs allege in their amended complaint that notice of the Commission's decision was published on June 27, 1991. (Plaintiffs' Amended Complaint, para. 6.) The defendant admits said allegation. (Defendant's Answer to Amended Complaint, para. 6.)
The Redding Town Clerk and the Chairman of the Commission were both served on July 11, 1991, within the fifteen day appeal period. The court, therefore, finds that the appeal is timely.
The trial court "may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion." Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 470, 442 A.2d 65 (1982); see also Schwartz v. Planning Zoning Commission, 208 Conn. 146,152, 543 A.2d 1339 (1988). "[I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." Primerica v. Planning 
Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." Id., citing Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229 (1979).
Where the zoning authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. Protect Hamden/North Haven From Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 545 n. 15,600 A.2d 757 (1991). Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. (Citations omitted.) Caserta v. Zoning Board of Appeals, 28 Conn. App. 256, 259, 610 A.2d 713 (1992). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Primerica v. CT Page 9623 Planning Zoning Commission, supra, 96. "The burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991), citing Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707. 535 A.2d 799
(1988).
Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1987); DeMilo v. West Haven,189 Conn. 671, 681-82 n. 8, 458 A.2d 362 (1983). It should first be noted that although the plaintiffs have alleged in the amended complaint that the Commission prejudged the plaintiffs' application, the denial of the application on the ground that the plaintiffs failed to comply with section 5.6.a of the regular ions was improper, and the denial of the application constituted an unlawful taking of the plaintiffs' property in violation of both the Connecticut and United States Constitution, the plaintiffs have failed to brief these issues. The court finds that these grounds for appeal have been abandoned.
When passing upon a subdivision application, the Commission is controlled by the regulations which it has previously adopted. Westport v. Norwalk, 167 Conn. 151, 155,157, 355 A.2d 25 (1974). A planning commission can disapprove a resubdivision application only on the basis of reasons or standards provided in existing regulations. RK Development Corporation v. Norwalk, 156 Conn. 369, 376-77, 242 A.2d 781
(1968). "`The planning commission . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved.'" Reed v. Planning Zoning Commission, 208 Conn. 431, 433,544 A.2d 1213 (1988), quoting Forest Construction Co. v. Planning 
Zoning Commission, 155 Conn. 669, 674-75, 236 A.2d 917 (1967). The Commission's decision must be upheld if any reason given for denial of the subdivision is valid. Primerica v. Planning Zoning Commission, supra, 96.
The plaintiffs first assert that the Commission's decision to deny their resubdivision application is unsupported by the record. The court finds, however, that at least one of the Commission's reasons is supported by the record. CT Page 9624
The Commission's fourth reason for denial was that the resubdivision application failed to comply with section 5.6.a of the Redding Subdivision Regulations. (ROR I, No. 1, p. 2.) Section 5.6.a provides, in pertinent part, that "each subdivision plan shall contain the following information: a.) The full extent and layout of all lots and other parcels comprising the subdivision tract, including adjacent land in the same ownership and abutting tracts involved in any exchange of title or rights." (Emphasis added.) Redding Subdivision Regulations, Sec. 5.6.a. The Resubdivision Map shows that the plaintiffs own land adjacent to the property they propose to re-subdivide. (ROR IV, Map 1.) None of the maps filed as part of the resubdivision plan contain the layout of the adjacent property which the plaintiffs own. (ROR IV.) The court, therefore, finds that the record supports the Commission's conclusion that the application failed to comply with section 5.6.a of the Redding Subdivision Regulations.
Because the waiver request related to the resubdivision application, it is unnecessary for the court to address whether the waiver request was properly denied. Even if the waiver request had been granted, the record supports the Commission's finding that the plaintiffs' application failed to comply with section 5.6.a of the subdivision regulations.
Accordingly, the plaintiffs' appeal is dismissed.
Riefberg, J.