[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. NATURE OF PROCEEDINGS
The plaintiff, Frank Martinez, is appealing from a vote of the Haddam Zoning Board of Appeals ("ZBA") concerning the Haddam Zoning Enforcement Officer's recommendation that a cease and desist order was appropriate for CT Page 10923 activity occurring on land adjacent to that owned by plaintiff. This appeal is brought pursuant to Connecticut General Statute 8-8. For the reasons stated below, this case is ordered remanded to the ZBA for further proceedings.
II. FACTS
Frank Martinez brought this appeal, naming Amy and Andrew Campbell and the ZBA as defendants. Martinez is the owner of property located at 196 Hidden Lake Road, Higganum, Connecticut. Amy and Andrew Campbell are the owners of abutting property located on the same road. Activities undertaken by the Campbells relating to boarding horses and teaching riding lessons form the basis of the dispute in this matter. Plaintiff claims, among other things, that the Campbells have used their property for commercial purposes not permitted by the town's zoning regulations, and that such uses created conditions detrimental to the health and safety of abutting landowners. The Campbells claim that their use of the property is permitted as of right. The following is a brief overview of the procedural history to date.
On August 5, 1992, Robin Lunn, Zoning Enforcement Officer ("ZEO") of the town of Haddam issued a cease and desist order addressed to Andrew Campbell. Record Item 1. The cease and desist order alleged that the premises owned by the Campbells were being used in violation of 4.2.3.3 of the Haddam Zoning Regulations in that a commercial riding stable and boarding facility on a 2.7 acre parcel of land is not permitted in an R-2 zone.[1] The order directed Andrew Campbell to discontinue and remedy the alleged violation and condition within 10 days of the receipt of the order.
On August 18, 1992, Amy and Andrew Campbell appealed from the cease and desist order issued by the ZEO. Record Item 3. On September 28, 1992, after issuing proper notice, the ZBA held a public hearing on the Campbell appeal. Record Item 4, 5, 13. The record contains a transcript of what occurred at the hearing. Record Item 17.
On October 26, 1992, the ZBA voted on the following motion:
 "As the regulations are written, the Zoning Enforcement Officer made a correct interpretation and that the enforcement be delayed for six months . . ."
Record Item 15.
The minutes of the ZBA meeting indicate in part: CT Page 10924
 "Reason: Regulation Section 4.2.3.3 is too vaguely written to permit reasonable interpretation. By a vote of 3 for and 2 against the Board failed to support the cease and desist order of the Zoning Enforcement Officer."
Record Item 15.
The considerable confusion that resulted from the vote on the above cited motion forms the backdrop for this appeal. Oral argument was held on October 22, 1993.
III. DISCUSSION
A. Aggrievement:
Aggrievement is a prerequisite to maintaining an appeal. General Statutes 8-8(a)1; Huck v. Inland Wetlands and Watercourses Agency,203 Conn. 525, 530-31, 525 A.2d 940 (1987). Owners of land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning board of appeals are statutorily aggrieved and need not prove aggrievement. General Statutes 8-8 (a)1; Smith v. Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). From the evidence presented at the hearing on October 22, 1993, this court finds that the plaintiff is a person whose land abuts the land involved in the ZBA's decision and that plaintiff is therefore statutorily aggrieved.
B. Timeliness
A party aggrieved by a decision or action made by a zoning board of appeals may appeal that decision or action within fifteen days after publication of such decision or action. General Statutes 8-8(b). Notice of the ZBA's decision was published in the Middletown Press on October 31, 1992. Record Item 6. The appeal was served on the ZBA on November 13, 1992. The court finds that the present appeal was brought in accordance with the timeliness provisions of 8-8(b).
C. Standard and Scope of Review
The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 573,538 A.2d 1039 (1988). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Staniewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737, 546 A.2d 919 (1988), CT Page 10925 aff'd 211 Conn. 76, 556 A.2d 1024 (1989). The commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Frito-Lay, Inc., supra, 576. Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. Caserta v. Zoning Board of Appeals, 28 Conn. App. 256,259, 610 A.2d 713 (1992). Where a zoning board gives inadequate reasons for granting or denying a petition, the trial court must search the record to determine whether a basis exists for the action taken. Stankiewicz, supra.
 [I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached.
Burnham v. Planning Zoning Commission, 189 Conn. 261, 265, 455 A.2d 339
(1983).
Connecticut General Statutes 8-8 sets forth the statutory authority and procedures for appeals to a ZBA from cease and desist orders issued by a ZEO. The Campbell's appeal from the order of the ZEO, and the resulting actions taken by the ZBA, including accepting the appeal, conducting a public hearing, and voting were all taken pursuant to this statute.
Central to understanding the issues involved in this case is General Statutes 8-7, which states in relevant part:
 The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations . . .
The plaintiff and the defendant ZBA both claim that under 8-7 the 3 to 2 vote cast on the Campbell's appeal indicates that the ZBA sustained the decision of the ZEO. The plaintiff and the ZBA explain that the reported failure of the ZBA to support the cease and desist order was a result of the ZBA and the reporting secretary misinterpreting General Statutes 8-7 to mean that a majority of four votes was needed to sustain the ZEO. The plaintiff and the ZBA contend that the order of the ZEO was sustained because the Campbells were not successful in obtaining the four votes needed under 8-7 to reverse the order. CT Page 10926
The Campbells argue that the key to understanding what occurred lies in the stated reason given by the ZBA to explain its vote: "Reasons: Regulation Section 4.2.3.3 is too vaguely written to permit reasonable interpretation. By a vote of three for and two against, the Board failed to support the Cease and Desist order." The Campbells therefore conclude that the vote was in their favor.
In light of the whole record, it is not clear to the court what the ZBA thought it was doing, intended to do, or did on October 26, 1992. The motion the ZBA passed on October 26, 1992, was two-pronged. The first prong stated: "As the regulations are written, the Zoning Enforcement Officer made a correct interpretation . . ." The second prong sought: ". . . the enforcement [to] be delayed for six months." The two-pronged nature of the motion created the first layer of confusion. In passing this motion, the ZBA did not expressly grant or deny the appeal. Nor did the ZBA expressly vote to sustain or overrule the ZEO.
The minutes of the meeting create a second layer of confusion. The minutes state in part: "By a vote of 3 for and 2 against the Board failed to support the cease and desist order of the Zoning Enforcement Officer." This characterization in the minutes of what occurred appears to be partly correct and partly incorrect. The characterization is correct insofar as it reflects the fact that in voting on the motion before it, the ZBA failed to support the immediate enforcement of the cease and desist order. The characterization is incorrect insofar as it suggests that the ZBA's vote did not indicate support for the ZEO's decision, and did not indicate the ZEO's order should be enforced, albeit after a six month delay.
Yet another layer of confusion is supplied by the ZBA's stated "reason" for voting as it did: "Regulation Section 4.2.3.3 is too vaguely written to permit reasonable interpretation." (See endnote 1). As has been noted:
 The court is restricted to determining whether the board's findings are reasonably supported by the record and whether the reasons given are pertinent reasons for the board's actions . . . [W]here the board sets forth the reasons for its actions, the reviewing court is bound by those findings and may examine only those assigned grounds to determine whether they are reasonably supported by the administrative record, or are clearly erroneous.
Caserta, supra, 259-60.
In summary, the record before the court contains a confusingly worded CT Page 10927 two-pronged motion relating to a vaguely written regulation voted on by a ZBA that arguably was confused as to the consequences of its vote in light of General Statutes 8-7. Moreover, it appears that the secretary may have misreported what occurred.
IV. CONCLUSION
For the foregoing reasons, it is the conclusion of this court that the record presented is deficient because it is so vague and ambiguous as to prevent meaningful, appropriate judicial review.[2]
Consequently, the appeal is sustained and the case is remanded to the ZBA with direction to reheat the matter and create an appropriate record for review, if needed, with due regard for all relevant statutory provisions.
It is so ordered.
Lavine, J.