[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10327
 FACTS
The plaintiffs, Robert A. Joudy and Evelyn Joudy, are the owners of property located at 65 Warwick Road, New Fairfield.
They bring this appeal from a decision of the defendant, Zoning Board of Appeals of the Town of New Fairfield, sustaining a cease and desist order issued by the zoning enforcement officer.
The cease and desist order, issued by Maria Haussherr-Hughes on December 8, 1998, claims that the plaintiffs are in violation of several of the current zoning regulations of the Town of New Fairfield (ROR E-1).
The cease and desist order alleges that the plaintiffs, as the owners of 65 Warwick Road, are in violation of the zoning ordinances in three ways:
1. Operating a business in a residential district.
2. Storage of commercial motor vehicles.
3. Accumulation of discarded items.
The plaintiffs appealed from the issuance of the cease and desist order to the defendant, New Fairfield Zoning Board of Appeals, which held a public hearing on February 18, 1999 and April 15, 1999.
Although both meetings were recorded, the cassette recording of a portion of the April 15, 1999 public hearing malfunctioned, and the defendant was unable to provide a transcript of the hearing for purposes of this appeal.
Therefore, because the record did not contain a complete transcript of the proceedings, pursuant to § 8-8 (k)[1] of the Connecticut General Statutes, the parties reconstructed the April 15, 1999 hearing on November 11, 1999. CT Page 10328
Members of the New Fairfield Zoning Board of Appeals, and those who provided testimony of the hearing, participated in the reconstruction of the record.
The plaintiffs argue that the cease and desist order should not be sustained, in light of the long history of commercial use of the property, and the storage of commercial vehicles on the site.
They claimed, at the hearing, that the commercial use of the property, by the plaintiffs and their predecessors in title, has established a valid non-conforming use.
The history of the parcel, provided at the hearing, revealed that in 1972, the owner, Felix Gantner, was a construction contractor, who stored construction equipment and vehicles on the premises.
In 1972, a 40 by 60 foot detached garaged was permitted on the property, and a permit was issued for construction of the garage.
The garage was completed several years later, and in 1981, a permit was issued allowing the construction of a bathroom in the garage.
The garage was used for the storage of commercial vehicles (ROR TR., p. 11), and a cheese business was conducted by the property owner, prior to the sale of the property to the plaintiffs.
Robert Joudy used the property for many years as the home of his drywall business, until his retirement.
In 1998, the property was leased to Robert Kramer, who continues to maintain commercial vehicles on the property.
The plaintiff, Robert Joudy, testified that during his use of the property for a drywall business, he kept heavy equipment and commercial vehicles at the site.
Upon receipt of neighborhood complaints, concerning the repair of vehicles on the property, increased noise, increases in traffic, and early morning and late evening activity, the cease and desist order was issued.
The plaintiffs maintained, at the hearing, and in this appeal, that the property is subject to a valid nonconforming use, and that their has been no unauthorized expansion of the nonconforming use.
On April 15, 1999, the board voted, 5 to 0, to sustain the cease and CT Page 10329 desist order.
Prior to the vote, extensive discussion took place (ROR H-2), concerning the powers of the board under the applicable statutes and regulations.
Members debated both the evidence in the record, as well as the powers of the zoning board of appeals, sitting as the body hearing an appeal of a cease and desist order.
The board members failed to state collective reasons for the action, and believed that their options were limited to either sustaining the cease and desist order in the form in which it was issued, or sustaining the plaintiffs' appeal.
The board, as expressed by the chairman, believed that no "middle ground" existed.
From that vote, sustaining the cease and desist order in the form issued by the zoning enforcement officer, the plaintiffs bring this appeal.
 AGGRIEVEMENT
The plaintiffs are the owners of property located at 65 Warwick Road, New Fairfield.
A party claiming aggrievement must satisfy a well established twofold test:
(1) the party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as concern of all members of the community as a whole, and (2) the party must demonstrate that the specific personal and legal interest has been specifically and injuriously affected by the decision appealed from. Hall v. Planning Commission, 181 Conn. 442, 444 (1980);Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989).
Ownership of the property demonstrates a personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987).
The action of the New Fairfield Zoning Board of Appeals, sustaining the cease and desist order, and thereby affecting the use of the property, establishes that the plaintiffs' interest has been injuriously affected. CT Page 10330
The plaintiffs, Robert A. Joudy and Evelyn Joudy, are aggrieved by the action of the New Fairfield Zoning Board of Appeals.
 STANDARD OF REVIEW
When hearing an appeal from the issuance of a cease and desist order, a zoning board of appeals hears the appeal de novo. Caserta v. Zoning Boardof Appeals, 226 Conn. 80, 90 (1993); Conetta v. Zoning Board of Appeals,42 Conn. App. 133, 137 (1996).
A board, in hearing an appeal from the issuance of a cease and desist order is endowed with liberal discretion. Caserta v. Zoning Board ofAppeals, 28 Conn. App. 256, 258 (1992). Assessing the credibility of witnesses, and determining the facts, are matters within the province of the board. Conetta v. Zoning Board of Appeals, supra, 318; Stankiewiczv. Zoning Board of Appeals, 15 Conn. App. 729, 731-32 (1988).
Section 8-7 of the Connecticut General Statutes provides a board with unfettered discretion in fashioning relief, and allows the board the flexibility to amend any order issued by the zoning enforcement officer.
The statute vests in the board all of the "powers of the officer from whom the appeal has been taken . . .," and further allows the agency, after hearing, to:
 reverse or affirm wholly or partly or . . . modify any order, requirement or decision appealed from. . . .
It is the board's statutory responsibility to find the facts, and to apply the pertinent zoning regulations to those facts as found. Toffolonv. Zoning Board of Appeals, 155 Conn. 558, 560-61 (1967). In the exercise of its discretion, the board may act upon facts known to it, even though they are not produced at the hearing. Parsons v. Zoning Board ofAppeals, 140 Conn. 290, 293 (1953).
The court should not substitute its judgment of the facts for that of the zoning authority, so long as the board's decision reflects an honest judgment, reasonably arrived at, based on all the facts. Jaser v. ZoningBoard of Appeals, 43 Conn. App. 545, 548 (1996).
If the board fails to state its reasons for the record, it is the obligation of the court to search the record, and to determine whether a sufficient reason exists to sustain the board's conclusion. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544-45 (1991). CT Page 10331
 PLAINTIFFS HAVE PROVED THE PRESENCE OF A NONCONFORMING USE ON THE PROPERTY SUBJECT TO THE CEASE AND DESIST ORDER
A nonconforming use is an existing use of property, which is authorized by the zoning regulations. Melody v. Zoning Board of Appeals,158 Conn. 516, 519 (1969).
For a use to be considered legally nonconforming, it must possess two characteristics: (1) it must be a lawful use, and (2) it must have been in existence at the time the zoning ordinance or regulation making it nonconforming was enacted. Cummings v. Tripp, 204 Conn. 67, 91-92
(1987).
In order to qualify as an existing use, the premises must be so utilized as to be known in the neighborhood as employed for a given purpose. Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 713
(1986).
Nonconforming uses are protected by statute, even in the absence of a provision in the municipal zoning ordinances. DJ Quarry Products, Inc. v.Planning Zoning Commission, 217 Conn. 447, 454 (1991).
Section 8-2 of the Connecticut General Statutes provides explicit recognition of, and protection for, lawful nonconforming uses:
 Such regulations shall not prohibit the continuance of any nonconforming use . . . existing at the time of the adoption of such regulations. Such regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use.
Where a nonconforming use exists, it is a vested right which adheres to the land itself. A valid nonconforming use is a property right and is entitled to constitutional protections. Petruzzi v. Zoning Board ofAppeals, 176 Conn. 479, 483-84 (1979).
A review of the record demonstrates that commercial activities have been conducted at 65 Warwick Road, New Fairfield, for over thirty years.
Commercial businesses were operated by Gantner (contracting), Silvestri (cheese), and Joudy (drywall).
The presence of commercial vehicles and contracting equipment on the property predates the construction of the 40 by 60 foot garage. CT Page 10332
Although the record reveals numerous complaints concerning the use of the property, it reveals no action by the zoning enforcement officer until December of 1998, when the cease and desist order was issued to the plaintiffs.
The cease and desist order makes no reference to the zoning regulations in effect in 1972 and before, but cites only the current regulations.
It is clear from the comments of the board members made immediately prior to the vote, that the commission members believed that a lawful nonconforming use existed on the premises.
Commissioner Day stated that the use of the property by Kramer, including repair of vehicles and increased noise and traffic, represented an "expanded use," and that "the degree of repair work exceeds that which is reasonable under the circumstances." (ROR H-2.)
Commissioner Geisinger agreed with those comments, and also uttered the phrase "expansion of use." (ROR H, pp. 14-15.)
The chairman stated, "we are trying to reach a middle ground. It's either black or white." (ROR H, p. 9.)
Commissioner Jano asked if the property could "go back to use it for what it was legally used for." (ROR H, p. 8.)
The commissioners, encouraged by the attorney for the property owner to believe that they had limited options, clearly believed that they could not amend the order issued by the zoning enforcement officer.
This misunderstands the powers and prerogatives of a zoning board of appeals when conducting a de novo review of a cease and desist order.
This is not a situation which is either "black or white" (ROR H, p. 9) as the commission believed, or a situation in which only the zoning enforcement officer could "adjust" (ROR H, p. 6) the cease and desist order.
The commission had the power to make any adjustments it believed warranted by the evidence.
It chose, instead, at the urging of plaintiffs' counsel, to adopt an all-or-nothing posture which is not supported by the record, and is not required by the clear provisions of § 8-7 of the Connecticut General Statutes. CT Page 10333
Because the record reveals the use of the property for the storage of commercial vehicles for over thirty years, and a series of commercial enterprises on the property, the plaintiffs, as clearly evidenced by the colloquy among board members, have met their burden of proving a valid nonconforming use, based on the existing record. Friedson v. Westport,181 Conn. 230, 234-35 (1980).
Therefore, the decision of the board to sustain a cease and desist order which sought to prohibit the use of the property for any commercial purpose, or the storage of any commercial vehicles, is not supported by the record, and represents a decision contrary to law.
The board gave no formal reasons to support its decision, and a search of the record fails to reveal any valid reason for sustaining the cease and desist order as drafted by the zoning enforcement officer, and as voted upon by the board.
 ISSUE OF EXPANSION OF NONCONFORMING USE NOT DETERMINED
Section 8-8 (1) of the General Statutes permits a reviewing court to "reverse or affirm, wholly or partly, or . . . modify or revise the decision appealed from."
Because the appropriate body to determine whether an expansion of a nonconforming use is present is the municipal zoning agency, remand to the agency would be the appropriate remedy, if permitted.
However, in that the applicable statute does not permit a remand to the New Fairfield Zoning Board of Appeals, the plaintiffs' appeal should be sustained.
In sustaining the appeal, however, the court makes no determination concerning the presence of an expanded nonconforming use on the property.
Should another cease and desist order be issued by the zoning authority, the board, based upon the facts presented, will have the occasion to determine whether an expansion of a nonconforming use has occurred, as claimed by many of the neighbors, and believed by several commissioners based upon the existing record.
The board is reminded of its broad powers under § 8-7 of the General Statutes, and the deference which courts should accord the fact-finding process of a municipal land use agency in its de novo review process. CT Page 10334
In determining whether an expansion of a nonconforming use is present, a mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use.Helicopter Associates, Inc. v. Stamford, supra, 716; Guilford v. Landon,146 Conn. 178, 183 (1954). There must be a change in the character of the existing use in order to bring it within the prohibition of the zoning ordinance. Salerni v. Schevy, 140 Conn. 566, 571 (1954).
In determining whether the current activity is within the scope of a nonconforming use, consideration should be given to three factors: (1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property. Zacks v. Zoning Board of Appeals, 218 Conn. 324, 332
(1991).
The use at the time of the adoption of zoning regulations is not frozen. The amount of business may be increased, and the nonconforming use may continue, despite changes in ownership or tenancy. DiBlasi v.Zoning Board of Appeals, 224 Conn. 823, 833 (1993).
The appeal of the plaintiffs, Robert A. Joudy and Evelyn Joudy, is sustained.
Radcliffe, J.